## MOLLIE V. TEMPLETON *v.* COUNTY COUNCIL OF PRINCE GEORGE'S COUNTY, MARYLAND

[No. 696, September Term, 1973.]

*Decided June 19, 1974.*

The cause was argued before ORTH, C. J., and DAVIDSON and MOORE, JJ.

*Heiskell R. Gray,* with whom were *Smith, Finley, Gray & Ahalt* on the brief, for appellant.

*Ellis J. Koch, Associate County Attorney for Prince George's County,* with whom was *Joseph S. Casula, County Attorney for Prince George's County,* on the brief, for appellee.

MOORE, J., delivered the opinion of the Court.

In June 1970 appellant was cited by the zoning authorities of Prince George's County for conducting a commercial roofing business in a residential zone. On July 31, 1970 she filed an application for a map amendment to reclassify her property in the Town of Brentwood consisting of 25,000 square feet, from the R-55 (residential) to C-2 (commercial) zone. The matter, for reasons not apparent, did not proceed expeditiously to public hearing and final decision. In May 1971, the technical staff of the Maryland-National Capital Park and Planning Commission recommended denial of the application and in July 1971 the Prince George's County Planning Board adopted a resolution of disapproval. In May and September 1972 public hearings were held before the zoning hearing examiner whose findings of fact and conclusions of law were filed on November 27, 1972. On February 28, 1973 the County Council for Prince George's County met as the District Council, seven of the eleven members being present, and adopted a resolution of disapproval in accordance with the zoning hearing examiner's findings, the full text of which was incorporated in the Council's resolution.

The Circuit Court (Meloy, J.) affirmed the District Council in an oral opinion on September 26, 1973 and in her appeal to this Court the judgment of the Circuit Court is assailed on three grounds: (1) that the District Council's decision should not have been affirmed because it failed to make its own findings of fact and because there was no finding whatsoever as to what reasonably constituted the neighborhood of the subject property; (2) that because it was necessary for appellant to receive the affirmative vote of eight members of the eleven member council for approval and only seven members were present when the resolution of disapproval was adopted, appellant was denied due process; (3) that appellant was denied the opportunity for consideration of "conditional zoning" prohibited by the Prince George's County Charter, a restriction held inapplicable to the Regional District within Prince George's County in a case decided by the Court of Appeals of

Maryland while her appeal was pending before the Circuit Court.[1]

We conclude that the assignments of error are without foundation and affirm the judgment of the Circuit Court.

The factual background, essentially undisputed, reflects that zoning was first applied in Prince George's County in 1927 and appellant's property, located at 3500 Varnum Street, Brentwood, was then classified residential. Appellant and her husband, now deceased, acquired the property in the late 30's and, in 1939, established a roofing business on the rear of their lot, a business which was operated by them uninterruptedly until Mr. Templeton's demise in 1969 and was thereafter continued by his widow. In the 1949 amendment to the Prince George's County Zoning Ordinance, the property was classified R-55 (residential). It comprises approximately one-half acre located on the north side of Varnum Street, improved by two dwellings and several sheds as well as a large enclosed work and storage area in the rear. On the west side of the property is an unpaved alley which intersects Webster Street, one block to the north. Varnum Street, a residential thoroughfare, intersects 37th Street on the east but dead-ends short of 34th Street on the west, with no turn-around. The Templeton property is surrounded by private residences. Photographs received in evidence depict them as modest but attractively and neatly maintained. Two blocks to the north there is an area of commercial (C-2) activity and to the west along 34th Street are scattered multi-family dwellings in the R-18 and R-35 (higher-density residential) classifications.

During the course of the proceedings before the zoning hearing examiner, the appellant was afforded an opportunity to establish a non-conforming use of the property by filing a use and occupancy application with the Park and Planning Commission. This application was made on June 1, 1972 and denied on July 8, 1972.

It thus appears that the commercial use of the property

1. Prince George's County v. Maryland-National Capital Park and Planning Commission, 269 Md. 202, decided June 5, 1973.

has been in violation of the Prince George's County zoning laws for approximately thirty-five years.[2]

I

Appellant's first contention is based upon Chapter 426, § 59-104 of the 1966 Acts of the General Assembly of Maryland which was interpreted by the Court of Appeals in *Montgomery, et al. v. Board of County Commissioners for Prince George's County, et al.,* 256 Md. 597 (1970). The statute reads as follows:[3]

"59-104. In Prince George's County, no application for a map amendment or special exception, which is contested, shall be granted or denied except upon written findings of basic facts and written conclusions."

The basic facts and conclusions which the District Council must find and set forth in writing in connection with the grant or denial of a map amendment based upon "change" were listed by Judge Barnes in the *Montgomery* case as follows: (a) what area reasonably constituted the "neighborhood" of the subject property; (2) the changes which occurred in that neighborhood since the comprehensive rezoning; and (c) that these changes resulted in a change in the character of the neighborhood.

In the proceedings below, the technical staff in its report to the Planning Board defined the "neighborhood" as the area bounded by 37th Street on the east, Upshur Street on the south, 34th Street to the west and, to the north, the rear lot lines of the property fronting on the north side of

---

2. This spawned at least two other roofing enterprises on contiguous residential property by former employees of the Templetons. The record discloses that these were also the subject of citations for violations. However, there is no explanation for the untoward delay in enforcement proceedings against appellant.

3. Appellant's reliance should actually be upon Article VII of the Prince George's County Charter, effective December 3, 1970, and fully operative when this proceeding was before the zoning hearing examiner. Section 707(a) requires that the final decision of the Council in any zoning case "shall be supported by specific written findings of basic facts and conclusions of law."

Webster Street. The appellant agreed with the staff's definition except for the northern boundary.[4] The latter, she claimed, should not stop at Webster Street but should be extended to include all of the area up to Windom Road containing C-2 and R-18 zoning and development.[5]

The staff's justification for its definition of "neighborhood" was based upon a sharp change in topography on Varnum Street east of 34th Street and the enclave of C-2 and higher density residential activity to the north of appellant's property. The opposition to the application[6] agreed with the staff's definition of the neighborhood and maintained that the "neighborhood" had always been residential in character.

Curiously, the zoning hearing examiner made no factual determination as to the area that reasonably constituted the neighborhood but found rather that the issue of "change in the character of the neighborhood is fairly debatable."

> "In the assessment of the record we believe that there is sufficient evidence which a reasonable mind might accept as adequate to support either definition [of neighborhood]. *Cf. Board of County Commissioners v. Brown*, 253 Md. 632. Hence, we conclude that this issue is fairly debatable."

From the quoted language it is quite evident that the zoning examiner misconstrued his role and function. The "fairly debatable" rule is, of course, commonly applied by courts on appeal from administrative findings. It is axiomatic, however, that the rule presupposes the making of such findings. It was an error of omission for the hearing examiner and in turn for the District Council to avoid a factual determination of "what area reasonably constituted

---

4. Appellant's case consisted of her own testimony and that of her counsel, as well as certain documentary evidence. She presented no expert testimony on any issue. *Cf.* Baker v. Montgomery County, 241 Md. 178 (1966); Cason v. Board of County Commissioners, 261 Md. 699, 708 (1971).

5. Exhibit #20 in the proceedings before the examiner is a rough sketch which shows the above mentioned streets and the respective uses. A copy is appended to this opinion.

6. This came from the Park and Planning Commission, the Town of Brentwood and some 50 residents.

the neighborhood" in this case.[7] This error, however, is not of such dimension as to require a reversal, as urged upon us by appellant's counsel. It is abundantly clear from a reading of the examiner's findings, adopted by the Council, that in the view taken by him of all the evidence and the applicable law, the issue of change *vel non* in the character of the neighborhood was not determinative. Adverting to the established principle that change *permits* but does not *require* the legislative body to grant the requested zoning, *Messenger v. Board of County Commissioners*, 259 Md. 693 (1970), *Chapman v. Montgomery County*, 259 Md. 641 (1970), the examiner stated the narrow basis for his adverse recommendation in the following language:

> "It is at this juncture that the issue of whether the proposed reclassification would or would not adversely affect the surrounding neighborhood or create traffic congestion, must be resolved. *Plant v. Board of County Commissioners for Prince George's County*, 262 Md. 120. The evidence in this case on this issue makes it abundantly clear that an adverse impact upon the neighborhood would occur from the requested rezoning. We are persuaded that a significant impact upon traffic in this quiet residential neighborhood will result. Streets are too narrow to accommodate heavy vehicles which would be generated by the commercial rezoning (Finding pg. 4 para. 10). *Because of this we recommend denial of the subject request.*" (Emphasis added.)

The appellant contends, without citation of authority, that traffic impact is not a sufficient basis to deny a zoning application. The Court of Appeals has ruled otherwise. *Temmink v. Board of Zoning Appeals*, 212 Md. 6 (1957),

---

7. Judge Digges pointed out in Mayor and Council of Rockville v. Stone, et al. 271 Md. 655, that "an honest mistake as to what comprises the neighborhood makes the issue fairly debatable, and the city's choice to accept the planning commission's definition, therefore, cannot successfully be questioned here." What can be questioned, of course, is the failure to make any choice.

citing *Hardesty v. Board of Zoning Appeals*, 211 Md. 172 (1956).

Furthermore, in appraising the Council's fact finding performance, it is important to distinguish, as did the Court of Appeals in *Messenger, supra,* between cases where the legislative body has granted the requested rezoning and those where it has been denied. In the former situation, the three "basic facts" and "conclusions" must be found before the District Council may act favorably. Where, however, there is a *denial* of the requested zoning, it is "only necessary for the District Council to find that the applicant had failed to meet his burden of proof on any of the elements necessary to justify the requested rezoning or to find facts, upon the evidence, which otherwise lead the District Council to conclude that the requested rezoning should not properly be granted." This rule obtains, as Judge Barnes observed, "even if otherwise the District Council would be justified in granting rezoning so far as the 'change-mistake rule' is concerned. It is only when the denial of the requested rezoning conflicts with constitutional provisions that the courts interfere with that denial." Here, there was no such conflict.

We also reject appellant's contention that the adoption by the District Council of the examiner's findings of fact and conclusions of law was improper. The office of the zoning hearing examiner has been authorized by Article VII, § 711 of the County Charter pursuant to which the District Council adopted § 31A of the Zoning Ordinance which requires (§ 31A. 22) the examiner to prepare a written decision which "shall contain specific findings of basic facts, conclusions of law, and a recommended disposition of the case." The propriety of the adoption of such findings by the zoning authority in an appropriate case was suggested by the Court of Appeals in *Montgomery, supra.* We think it entirely appropriate that the legislative authority should, after hearing oral argument and considering the evidence, and reaching a determination in accordance with the recommendation of the hearing examiner, adopt his prepared findings. As Judge Gilbert has stated for this

Court in *Northampton Corporation v. Prince George's County*, 21 Md. App. 625:

> "In those cases where the Council has delegated the duty of making findings of fact and recommendations, pursuant to § 711 [of the Charter], to the zoning hearing examiner, the Council may comply with the provisions of § 707(a) by adopting the findings and conclusions of the zoning hearing examiner. Consequently, it is only in those cases where a 'final decision' is made in which the Council does not adopt the findings and conclusions of the zoning hearing examiner that the Council's actions must be supported by its own 'specific written findings of basic facts and conclusions of law.' "

## II

Article VII of the Prince George's County Charter pertaining to decisions in zoning cases provides that an application for reclassification may be granted only upon the affirmative vote of two-thirds of the full Council when an application conflicts with a master plan or the recommendation of an authorized agency. Section 707(e) of the Charter provides as follows:

> "Where any application for a zoning map amendment or special exception to a zoning regulation conflicts with the requirements of a master plan, or with the recommendation of a municipality respecting land within its boundaries, or with the recommendation of any agency charged with making recommendations in zoning cases, said application may be granted only upon the affirmative vote of two-thirds of the full Council."

In the present case both the Park and Planning Commission and the Town of Brentwood recommended disapproval. Accordingly, the vote of eight members of the eleven member Council would be required to grant the application. Here, seven members were present. Six members voted to

disapprove and one abstained. Appellant's singular complaint is that the District Council heard and decided her case when it was numerically impossible for the application to have been approved. The short answer to this contention is, of course, that the motion which carried was one to *deny* and not to *grant*. Furthermore, at the time of final decision the necessary quorum was present and the hearing was proper. *See Hyson v. Montgomery County*, 242 Md. 55 (1966).

## III

Appellant's final contention may also be dealt with summarily. It is argued that conditional zoning might have been utilized in this case — but in the sense that the District Council might have considered a grant of the requested reclassification, subject to a reversion to residential use on the discontinuation of the roofing business by the appellant. Appellant did not present this question before the hearing examiner or the District Council. The question is not properly before this Court. Rule 1085. Even if it were, it is quite apparent that appellant proceeds upon a distorted construction of conditional zoning generally and as contained in Chapter 471, Laws of 1968. The latter provides that the District Council for Prince George's County in approving any local map amendment, may give consideration to and "adopt such reasonable requirements, safeguards and conditions, as may in its opinion be necessary either to protect surrounding properties . . . or which would further enhance the coordinated harmonious and systematic development of the Regional District." The novel suggestion that a zoning reclassification to commercial might be made by the District Council subject to a reversion to residential obviously is not supported by this statutory authority for conditional zoning, [8] nor by general law. Conditional zoning is a device employed to bring some flexibility to an otherwise rigid system of control. Anderson,

---

8. The Charter prohibition against conditional zoning was held inapplicable within the Regional District of Prince George's County, as noted in footnote 1, page 2.

*American Law of Zoning*, § 8.20. The conditions generally imposed are those designed to protect adjacent land from the loss of use value which might occur if the newly authorized use were permitted without restraint of any kind. *Idem.*, p. 613.[9] Reversion of the reclassification to residential use when, and if, appellant should discontinue her roofing business is patently no such restraint.

Since we find no valid constitutional objection to the decision of the Council, as affirmed by the Court, it is clear that the denial must be upheld. The decision was fairly debatable and thus was not arbitrary, capricious and unreasonable. The heavy burden upon appellant has not been sustained. *Montgomery County Council v. Kacur*, 253 Md. 220 (1969).

*Judgment affirmed; costs to be paid by the appellant.*

---

9. For an extended discussion see "Contract Zoning," 23 Md. L. Rev 121-155 (1963).