## MOLLIE V. TEMPLETON *v.* COUNTY COUNCIL OF PRINCE GEORGE'S COUNTY, MARYLAND

[No. 696 (on remand), September Term, 1973.]

*Decided December 13, 1974.*

Before ORTH, C. J., and DAVIDSON and MOORE, JJ.

MOORE, J., delivered the opinion of the Court.

By Order dated November 13, 1974, the Court of Appeals of Maryland issued a writ of certiorari to this Court in this case in which our opinion, filed on June 19, 1974, was reported at 21 Md. App. 636, 321 A. 2d 778; and it was further ordered that the case be remanded to this Court for reconsideration of our opinion in the light of the opinion of the Court of Appeals in *Northampton Corporation v. Prince George's County*, 273 Md. 93, 327 A. 2d 774, in which the judgment of this Court in an opinion reported at 21 Md. App. 625, 321 A. 2d 204, filed on June 17, 1974, was reversed.

We have carefully reviewed the opinion of the Court of Appeals in *Northampton* and we conclude that while two corrections in our opinion in this case are necessitated, such corrections do not affect the merits and we therefore adhere to our original determination in which we affirmed the judgment of the Circuit Court for Prince George's County.

As the opinion of the Court of Appeals emphasizes, the zoning and planning powers of Prince George's County, Maryland, in that portion of the County which lies in the Regional District, are those granted by the Regional District Act, Chapter 780 of the Laws of 1959, as amended, Prince George's County, Md., Code of Public Local Laws §§ 59-61 through 59-105 (1963), and not those granted by the Prince George's County Charter, effective December 3, 1970. The Court of Appeals therefore held in *Northampton* "that the proper procedure was that mandated by § 59-104 of the Regional District Act":

"In Prince George's County, no application for a map amendment or special exception, which is

contested, shall be granted or denied except upon written findings of basic facts and written conclusions."

Accordingly, we correct by deleting in its entirety footnote 3 of our opinion in *Templeton* at 21 Md. App., page 640, 321 A. 2d page 780.

Secondly, in rejecting appellant's contention that the adoption by the District Council of the Zoning Hearing Examiner's findings of fact and conclusions of law was improper, 21 Md. App., page 643-4, we quoted in the conclusory portion of our opinion on that point the language of this Court in *Northampton,* 21 Md. App. 631-2. It was there held that where the Council has delegated the duty of making findings of fact and recommendations pursuant to § 771 of the Charter to the Zoning Hearing Examiner, the Council may comply with the provisions of § 707 (a) of the Charter (requiring "specific written findings of basic facts and conclusions of law") by adopting the Examiner's findings and conclusions.

Inasmuch as § 59-104 of the Regional District Act above quoted is controlling — and not the provisions of the Charter — our above reference to *Northampton* is inapposite and, in accordance with the opinion of the Court of Appeals, must be deleted.

*Northampton* was not, however, the foundation for our determination that appellant's contention was without merit. As our prior opinion discloses, 21 Md. App., page 643, 321 A. 2d, page 782, we placed initial reliance upon the opinion of the Court of Appeals in *Montgomery v. Board of County Commissioners,* 256 Md. 597 (1970) where the Court, in an opinion by Judge Barnes, addressed itself to the argument there made that it was improper for the District Council to adopt the findings in the report or recommendations of the Planning Board or of the Technical Staff rather than to make specific findings itself. Judge Barnes then stated:

"Although this is not a practice to be encouraged, we are not prepared to rule, as a matter of law, that

the District Council may not, in a specific case, comply with the statutory requirement to make written findings of basic facts and conclusions by incorporating into its order specific findings of basic facts and conclusions of either the Planning Board or of the Technical Staff by specific reference to those findings."

Upon the reconsideration ordered, it is our conclusion that the record in the instant appeal represents a proper case for the adoption by the District Council of the findings and conclusions of the Examiner in discharging its responsibility under § 59-104, *supra.*

> *Upon reconsideration as ordered by the Court of Appeals of Maryland, judgment affirmed; costs to be paid by the appellant.*