DANIEL HOPE, JR. ET AL. *v.* BALTIMORE COUNTY, MARYLAND ET AL.

[No. 412, September Term, 1979.]

*Decided January 9, 1980.*

The cause was argued before MORTON, LISS and COUCH, JJ.

*C. Victor McFarland,* with whom was *Louis J. Weinkam* on the brief, for appellants.

*John A. Austin, Assistant County Solicitor for Baltimore County,* with whom was *Leonard S. Jacobson, County*

*Solicitor,* on the brief, for appellee Baltimore County, Maryland. *Charles B. Heyman,* with whom were *Ellen W. Fales, John Martin Jones, Jr., Mark Pollak* and *Kaplan, Heyman, Greenberg, Engelman & Belgrad, P.A.* and *Piper & Marbury* on the brief, for other appellees.

MORTON, J., delivered the opinion of the Court.

This is an appeal from an order entered in the Circuit Court for Baltimore County by Judge John E. Raine, Jr., dismissing the appeal of the appellants from a decision of the Baltimore County Planning Board approving the final subdivision plat submitted by the appellees, Victor Frenkil, Walden Associates and Victor Development Co., Inc. The subdivision plat had been submitted as a procedural step in the proposed construction by the appellees of a large apartment complex to be known as Walden Pond Apartments. The appellants are individual owners of property in the area of the proposed apartment complex.

The single issue in this appeal is whether Judge Raine was correct in holding that the Circuit Court for Baltimore County lacked jurisdiction to hear a direct appeal from the decision of the Baltimore County Planning Board approving the subdivision plat submitted by the appellees.

In challenging the correctness of Judge Raine's decision, the appellants point to § 22-38 of the Baltimore County Code, 1968 Edition, which provides:

"If any person shall be aggrieved by the action of the planning board on final plats of subdivisions under section 22-37 of this Code, an appeal may be taken to the circuit court for the county within thirty days after the date of action by the planning board. The court shall hear all such appeals without the intervention of a jury and shall have power to affirm, modify or reverse in part or in whole any such decision from and may remand any case for the entering of a proper order or for further proceedings as the court shall determine. Upon the hearing of such appeal, the decision of the planning board shall

be presumed by the court to be proper and to best serve the public interest; the burden of proof shall be upon the appellant to show that the decision complained of was against the public interest and that the planning board's discretion in rendering its decision was not honestly and fairly exercised, or such decision was arbitrary, or procured by fraud, or unsupported by any substantial evidence, or was unreasonable, or that such decision was beyond the powers of the planning board and was illegal."

Judge Raine found, and we agree, "that as a matter of law Section 22-38 of the Baltimore County Code is a nullity. It is void because it is in direct conflict with the Baltimore County Charter."

The citizens of Baltimore County adopted a charter for Baltimore County on November 6, 1956, pursuant to the provisions of Article XI-A of the Constitution of Maryland. Also pursuant to Article XI-A the General Assembly of Maryland enacted Article 25A, commonly known as the Express Powers Act. Section 5 (U) of art. 25A authorizes charter counties:

"(U) *County Board of Appeals*

To enact local laws providing (1) for the establishment of a county board of appeals whose members shall be appointed by the county council; (2) for the number, qualifications, terms, and compensation of the members; (3) for the adoption by the board of rules of practice governing its proceedings; and (4) for the decision by the board on petition by any interested person and after notice and opportunity for hearing and on the basis of the record before the board, of such of the following matters arising (either originally or on review of the action of an administrative officer or agency) under any law, ordinance, or regulation of, or subject to amendment or repeal by, the county council, as shall be specified from time to time by such local laws enacted under this subsection: An application for a

zoning variation or exception or amendment of a zoning ordinance map; the issuance, renewal, denial, revocation, suspension, annulment, or modification of any license, permit, approval, exemption, waiver, certificate, registration, or other form of permission or of any adjudicatory order; and the assessment of any special benefit tax: Provided, that upon any decision by a county board of appeals it shall file an opinion which shall include a statement of the facts found and the grounds for its decision. Any person aggrieved by the decision of the board and a party to the proceeding before it may appeal to the circuit court for the county which shall have power to affirm the decision of the board, or if such decision is not in accordance with law, to modify or reverse such decision, with or without remanding the case for rehearing as justice may require. Any party to the proceeding in the circuit court aggrieved by the decision of the said court may appeal from such decision to the Court of Special Appeals. The review proceedings provided by this subsection shall be exclusive."

In accordance with the authority conferred upon charter counties by § 5 (U), the Charter adopted by Baltimore County contains provisions for establishing a Board of Appeals and procedures for administering the functions of the Board:

"Sec. 601. County board of appeals; appointment; terms; compensation.

There is hereby created and established a county board of appeals consisting of three members who shall be appointed by the county council for three years . . . ."

"Sec. 602. Powers and functions of county board of appeals.

The county board of appeals shall have and may exercise the following functions and powers . . . :

. . .

(d) *Appeals from executive, administrative and adjudicatory orders.* The county board of appeals shall hear and decide appeals from all other administrative and adjudicatory orders as may from time to time be provided by Article 25A of the Annotated Code of Maryland (1951 Edition), as amended, or by legislative act of the county council not inconsistent therewith." (Footnote omitted.)

The "Reporter's Notes," prepared by Arthur W. Machen, Jr., Esq., states in the report for the charter board:

"As hereinabove indicated, this subsection [d] is a 'catch-all' designed particularly to include within the jurisdiction of the County Board of Appeals all matters now or hereafter covered by Article 25A, Section 5 (V) [1] of the Code."

It is at once apparent that § 602 (d) of the county Charter provides that the Board of Appeals shall be the forum to hear and decide appeals "from all other administrative and adjudicatory orders as may . . . be provided" by § 5 (U) of art. 25A. And it is equally clear that § 5 (U) envisions the establishment of a county Board of Appeals with exclusive authority to hear appeals from actions of administrative officers or agencies taken under the laws, ordinances or regulations of the county, where such actions involve "the issuance, renewal, denial . . . of any license, permit, *approval* . . . or other form of permission . . . ." (Emphasis added.)

All parties agree that the direct appeal to the circuit court from the decision of the county's Planning Board involves the "approval" of the appellees' final subdivision plat. Thus, the appeal by the appellants contained all the procedural ingredients provided for by § 5 (U) as implemented by § 602 (d) of the county Charter.

It is self-evident that the provisions for appeal contained in § 22-38 of the Baltimore County Code in authorizing a direct appeal to the circuit court are completely contrary to the appeal procedures provided in § 5 (U) of art. 25A. Since

---

1. Now § 5 (U).

the appeal procedures in § 5 (U) "shall be exclusive," the county lacked authority to enact or continue in force and effect the appeal procedures provided for in § 22-38. *See Maryland Classified Employees Association, Inc. v. Anderson,* 281 Md. 496 (1977).

In reaching this conclusion we find support in the language employed by the Court of Appeals in *Urbana Civic Association, Inc. v. Urbana Mobile Village, Inc.,* 260 Md. 458 (1971). In *Urbana* the Court voided a local subdivision regulation which allowed appeals to the Circuit Court for Frederick County. That regulation was void because there was no statutory authority for its enactment in the enabling acts for subdivision control then in art. 66B. In so holding the Court noted, at 462:

> "Frederick County is neither a charter nor a code county provided with home rule under Arts. XI-A or XI-E of the Maryland Constitution (contained in Code (1957, 1963 Repl. Vol. and 1970 Cum. Supp.)). With home rule it could have created a county board of appeals capable of reviewing the planning commission's disapproval of the subdivision plat in question here. In this event, Art. 25A, § 5 (U) (1966 Repl. Vol.) and Art. 25B, § 13 (1970 Cum. Supp.) would have permitted appellate review first in the circuit court and then in the Court of Appeals."

In the instant case Baltimore County is a charter county with home rule and has created a county Board of Appeals with authority to review the Planning Board's decisions on subdivision plats. That such authority should be exclusive is implicit in the passage quoted from *Urbana.* Therefore, the Board of Appeals in Baltimore County is the proper forum to hear initial appeals from decisions of the Planning Board approving or disapproving a subdivision plat.

We are unimpressed with appellants' suggestion that their appeal to the circuit court from the decision of the Baltimore

County Planning Board is somehow authorized by art. 25A, § 5 (X), which provides:

*"(X) Planning and Zoning*

To enact local laws, for the protection and promotion of public safety, health, morals, and welfare, relating to zoning and planning including the power to provide for the right of appeal of any matter arising under such planning and zoning laws to the circuit court except as is provided in § 5 (U) of this article. Any decision of the circuit court may be appealed to the Court of Special Appeals."

Appellants apparently overlook the key phrase — "except as is provided in § 5 (U) of this article." *See Klein v. Colonial Pipeline Company,* 285 Md. 76 (1979). We have already found that § 5 (U) authorizes the establishment of a Board of Appeals as the forum to review, initially, the actions of the Planning Board.

We agree with the appellees that to give validity to § 22-38 would require the circuit court to act as a "super Planning Board," for a direct appeal from the Planning Board could reach the court in the posture of no record whatsoever to support the Board's decision. The Planning Board conducts no formal hearing of an adversary nature with the right to examine and cross-examine witnesses under oath and to offer evidence and exhibits. As Judge Raine said: "The Planning Board has a general discussion, as reflected in their minutes, and then makes a decision. They make no findings of fact. They make no conclusions of law. It is impossible to determine who considered what or who failed to consider what aspect of the matter before them, so that it is impossible to accord the usual type of judicial review to actions of the Planning Board. Yet, Section 22-38 of the County Code purports to give to any aggrieved party the right to appeal directly to the Circuit Court."

Since Baltimore County took no appeal or cross appeal, we are at a loss to understand how the county solicitor has

standing to urge this Court to reverse the action of the trial judge.

*Judgment affirmed; costs to be paid by appellants.*