506 A.2d 671

**ANNE ARUNDEL COUNTY, Maryland, et al.**

**v.**

**A–PAC LIMITED.**

**No. 905, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

April 4, 1986.

Eileen E. Powers, Asst. County Sol. (Stephen R. Beard, County Sol. and Elana R. Byrd, on brief), Annapolis, for appellants.

C. Fred Delavan (Blumenthal, Wayson, Downs & Offutt, P.A., on brief), Annapolis, for appellee.

Argued before GARRITY, ALPERT and WENNER, JJ.

GARRITY, Judge.

In this matter, Anne Arundel County appeals a decision of the Circuit Court for Anne Arundel County reversing a denial of rezoning by that county's Board of Appeals. While we shall affirm the lower court's finding as to "mistake" in the comprehensive zoning map, we shall direct that the matter be remanded to the Board of Appeals for further proceedings on the zoning petition.

## Facts

A–PAC, Limited, the appellee herein, is the owner of a 2.01 acre parcel of land located on the southwest corner of the intersection of South Haven Road and Maryland Route 450 in Anne Arundel County. The property was once a part of a 33 acre tract that was zoned light commercial until amended by comprehensive rezoning in 1972 to that of "RA" (residential agricultural). During the comprehensive rezoning process, the former owner of the original 33 acre tract requested the property be comprehensively rezoned to a "C–4" (highway commercial) classification. That prefile application, however, was denied in favor of the "RA" classification.

In June 1981, A–PAC sought rezoning of the subject property to a "C–3" (general commercial) classification.

Upon the denial of the petition by the zoning hearing officer, the appellee appealed to the Board of Appeals of Anne Arundel County. The Board's decision of April 29, 1982, denied the rezoning based on the principle of res judicata. The theory of denial was that the property, which had once been part of the 33 acre tract, had been the subject of a "C–4" request that had been denied. The Circuit Court for Anne Arundel County reversed the Board of Appeals and remanded the matter for a hearing on the merits.

On May 23, 1984, the Board of Appeals again denied the appellee's request for rezoning. The Board found that there had been no mistake by the County Council when it comprehensively rezoned the property to "RA." Finding no mistake in a comprehensive zoning map, the Board found it unnecessary to address other factors required to be affirmatively established prior to the grant of a rezoning petition.

On June 17, 1985, the Circuit Court for Anne Arundel County reversed the Board and directed it to grant the requested rezoning. Based upon inferences of past conduct of the Anne Arundel County Council during that period, Judge Robert S. Heise found that the subject parcel had been down-zoned to "RA" in order to deflate the value of the property for acquisition by the State in conjunction with a State highway project. This project was subsequently abandoned. Judge Heise further found:

> The Board also ignored the undisputed evidence concerning the commercial character of the intersection, including the fact that the other three parcels at the intersection are all zoned at a C–4 classification.[1] The Board placed a great deal of weight on the fact that "the County Council spent a considerable amount of time deciding the issue of zoning this property." The amount of time spent by the County Council deciding the issue is irrelevant, and

---

1. These lots are presently occupied by a sign shop at the southeast corner, an auto body shop at the northeast corner, and an electrical supply shop at the northwest corner.

becomes even more so when one considers the strong and undisputed evidence of mistake presented by the Appellants. Therefore, while not substituting its judgment for that of the Board, this Court finds that a reasonable mind could not have reached the conclusion reached by the Board, and that the Board acted arbitrarily by failing to consider large portions of the Appellant's undisputed evidence.

Anne Arundel County now appeals to this court and presents the following issues for our review:

1. Did the circuit court err by substituting its judgment for that of the County Board of Appeals and determining that there was mistake in the comprehensive zoning of the subject property?

2. Did the circuit court err in remanding the case to the County Board of Appeals with a specific directive to grant the requested rezoning?

### I. *Determination of Mistake in Comprehensive Zoning Map*

The standard for review of a decision of a zoning board is clear:

> it is not the function of the reviewing court to zone or rezone, or to substitute its judgment for that of the zoning authority if the action of the zoning authority is based on substantial evidence and the issue is thus fairly debatable.

*Northampton v. Prince George's County,* 273 Md. 93, 101, 327 A.2d 774 (1974); *Floyd v. County Council of Prince George's County,* 55 Md.App. 246, 255, 461 A.2d 76 (1983).

Substantial evidence, we have noted, "means a little more than a 'scintilla of evidence.'" *Floyd,* 55 Md.App. at 258, 461 A.2d 76. Furthermore, the Court of Appeals has made it quite clear that,

> [i]f the issue before the administrative body is 'fairly detabable,' that is, that its determination involved testimony from which a reasonable man could come to differ-

ent conclusions, the courts will not substitute their judgment for that of the administrative body....

*Id.,* quoting from *Eger v. Stone,* 253 Md. 533, 542, 253 A.2d 372 (1969).

■ The Board held that the Council had not made a "mistake." The Board correctly noted that there is a strong presumption of correctness in the comprehensive zoning by the County Council and that, under Section 2–100, A–PAC bore the burden of proof of mistake.

■ It is well settled that in zoning an original error or mistake may be established by showing that the assumption, upon which a particular use was predicated, proves with the passage of time to have been erroneous. *Rockville v. Stone,* 271 Md. 655, 662, 319 A.2d 536 (1974); *Boyce v. Sembly,* 25 Md.App. 43, 51, 334 A.2d 137 (1975). As this court pointed out though in *Boyce,* "[u]nless there is probative evidence to show that there were then existing facts which the Council, in fact, failed to take into account, or subsequently occurring events which the Council could not take into account, the presumption of validity accorded to comprehensive zoning is not overcome...." 25 Md.App. at 52, 334 A.2d 137, quoting from *Rohde v. County Board of Appeals,* 234 Md. 259, 267–68, 199 A.2d 216 (1964). As we noted, "[w]hen subsequent events demonstrate that any significant assumption made by the Council at the time of the comprehensive rezoning was invalid, the presumption of validity accorded to the comprehensive rezoning is overcome." *Boyce v. Sembly,* 25 Md.App. at 53, fn. 3, 334 A.2d 137.

The circuit court, in reversing the Board, held that the proposed interchange was a "significant assumption made by the Council." We agree. The record clearly reflects that the Council mistakenly assumed the completion of the road project and based its comprehensive zoning amendment thereon. As the presumption of validity accorded the "RA" classification was overcome by the undisputed evidence that the Council's assumption was erroneous, we hold

that the trial judge properly reversed the Board's action in denying the rezoning petition.

## II. *Directive to Grant Requested Rezoning*

 Anne Arundel County Code 2–100 provides that zoning reclassifications may be granted only upon an affirmative finding by the Board that:

1. There was a mistake in the comprehensive zoning map, or that the character of the neighborhood has changed to such an extent that the zoning map should be changed; and

2. The reclassification conforms to the approved Anne Arundel County General Development Plan in relation to land use, number of dwelling units or type and intensity of nonresidential buildings, and location; and

3. Transportation facilities, water and sewerage systems, storm drainage systems, schools and fire suppression facilities adequate, as defined in section 13–133, to serve the uses allowed by reclassification are either existing or programmed for construction; and

4. There is compatibility between the uses of the property as reclassified and the surrounding land uses, so as to promote the health, safety and welfare of the present and future inhabitants of the county.

In its Memorandum of Opinion and Order, the trial court remanded the matter to the Board of Appeals "for entry of an order granting the request for rezoning." The County argues that, assuming *arguendo,* the trial court was correct in finding that there was a mistake in the comprehensive rezoning of appellee's property, the court "still erred in remanding the case with a specific mandate to grant a C3—General Commercial Zoning Reclassification."

The County argues that, "a finding of a mistake in the original comprehensive zoning merely *permits* the Board of Appeals to grant a requested rezoning, but does not *compel* or *require* it to do so." *Dill v. The Jobar Corporation*, 242 Md. 16, 217 A.2d 564 (1966); *See Messenger v. Board of*

*County Commissioners for Prince George's County,* 259 Md. 693, 271 A.2d 166 (1970); *Hardesty v. Dunphy,* 259 Md. 718, 271 A.2d 152 (1970); *Chesapeake Ranch Club v. Fulcher,* 48 Md.App. 223, 426 A.2d 428 (1981). The County, however, recognizes that an "original error in comprehensive zoning ... may require rezoning as a matter of law if the existing zoning classification unconstitutionally deprives the owner of any reasonable use of his property." *Dill v. The Jobar Corporation,* 242 Md. at 22, 217 A.2d 564; *Montgomery County v. National Capital Realty Corp.,* 267 Md. 364, 297 A.2d 675 (1972). In all other cases, zoning reclassification is recognized as a legislative prerogative and not one with which the courts should be involved. *See Aspen Hill Venture v. Montgomery County Council,* 265 Md. 303, 297 A.2d 675 (1972).

The County further avers that in the case *sub judice,* "there was no evidence whatsoever that the appellee is denied all reasonable use of its property in its current RA—Agriculture Residential Classification."

Upon its analysis of the case, the trial court related the following in its Memorandum of Opinion:

Finally, the Court notes that land is traditionally entitled to its highest possible use. See, *Mayor and Council of Rockville vs. Cotler,* 230 Md. 335, 340 [187 A.2d 94] (1962). The highest possible use the Appellant could have for the parcel at its current classification would be to build a single family dwelling on it. This use is hardly feasible, given the proximity of the parcel to a major thoroughfare (Route 450), and its proximity to the three commercial establishments. Nor can the subject parcel be zoned at C1–A "Neighborhood Commercial" or C1–B "Community Retail," because of the requirement that the establishments be situated "more than one-half vehicular access mile apart from other commercial districts in urban and suburban areas." *See,* Section 3–311 of the Anne Arundel County Code. Thus, the only other zoning classification appropriate to provide community commer-

cial or retail to the neighborhood is C–3 "General Commercial."

We agree that, because of the proximity of the two acres to a major thoroughfare and to three commercial establishments, the trial court may be correct in its observation that it would be "hardly feasible" to build a single family dwelling on the property. However, we must point out that appellee's expert witness, Mr. Gary T. Westholm, candidly testified that, "I don't think that it's fair to say that leaving the property in a residential classification of some form is a confiscation of all reasonable use.... I don't think it's an ideal site for a residence, but you could put it there, but a commercial use would be more compatible with its immediate neighborhood...."

Therefore, as the original error in the comprehensive zoning map may not, arguably, have deprived A–PAC Limited of all reasonable use of its property, we believe that the trial court, at this point in the zoning process, was in error by requiring the Board to rezone the property to a specific C–3 classification as a matter of law.

Furthermore, the Board of Appeals made no findings as to the remaining factors it is required to consider under the Anne Arundel County Ordinance when granting zoning reclassifications on a finding of "mistake" in the comprehensive zoning map. Therefore, based on the facts and circumstances of this case, we believe it more appropriate to remand the matter to the Board to provide it with an opportunity to consider the three remaining factors pursuant to Section 2–100 of the Anne Arundel County Code in relation to the grant or denial of appellee's zoning request.

JUDGMENT VACATED AND CASE REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.

ONE-HALF OF COSTS TO BE PAID BY APPELLANTS AND ONE-HALF OF COSTS TO BE PAID BY APPELLEE.