624 A.2d 1281

**RED ROOF INNS, INC.**

v.

**PEOPLE'S COUNSEL FOR BALTIMORE COUNTY.**

No. 1406, Sept. Term, 1992.

Court of Special Appeals of Maryland.

May 26, 1993.

220

Gary C. Duvall (Daniel Nuzzi and Miles & Stockbridge, on the brief), Towson, for appellant.

Peter Max Zimmerman and Robert W. Eldridge (Phyllis Cole Friedman, on the brief), Towson, for appellee.

Argued before GARRITY, WENNER, and HARRELL, JJ.

GARRITY, Judge.

This appeal is from an order of the Circuit Court for Baltimore County (Cahill, Sr., J.), which affirmed a decision of the County Board of Appeals of Baltimore County (the Board) denying a variance to permit a larger and higher free-standing sign than that permitted in the county zoning regulations. Appellant, Red Roof Inns, Inc., had applied for the variance in connection with its business, and appellee, People's Counsel for Baltimore County, opposed it.

## Facts

In connection with the operation of its motel at the intersection of Timonium Road and Greenspring Drive, appellant asked the Zoning Commissioner to grant it variances from the

Baltimore County Zoning Regulations relating to the size and number of signs that it could place on its property. The Commissioner granted several of appellant's zoning variance requests, which are not at issue here, but denied appellant's request for a substantial increase, beyond ordinance maximums of the area of the sign face (25 to 216 square feet) and height (6 to 70 feet) of a stationary free-standing business sign. The Commissioner's decision was based at least in part on the Deputy Director of Planning's official comment regarding this matter, which indicated that the need for additional signage beyond that otherwise permitted by the regulations was "questionable" because the unique architectural features of the Inn already made it quite recognizable. The opinion recited the Planning Department's consistent opposition to requests for additional signage on major road systems in the area and warned that the already existing sign congestion problem would be exacerbated and that a potential traffic hazard would result. In denying appellant's Request for Variance, the Zoning Commissioner found as follows:

[T]here is insufficient evidence to allow a finding that the Petitioner would experience practical difficulty or unreasonable hardship if the requested variances were denied in part. The testimony presented by the Petitioner is in support of a matter of a preference rather than of a necessity for the variances. The Petitioner has failed to show that compliance would unreasonably prevent the use of the property or be unnecessarily burdensome.

Appellant appealed the denial to the Baltimore County Board of Appeals, which held a *de novo* hearing before affirming the Commissioner's decision. The Board found that appellant failed to carry its burden of establishing practical difficulty or undue hardship as would justify a variance. The Board's conclusion rested, in part, on its belief that the testimony clearly demonstrated that appellant wants the taller sign "principally for advertising purposes to attract motorists on Interstate 83 [and] to be able to compete with other motels in the area." The Board explained that its denial of the variance also was based upon its statutory duty to be consistent and to

consider the rights of all those who might be affected by the granting of a variance.

Appellant then appealed to the Circuit Court for Baltimore County, contending that the Board's decision denying the variance was arbitrary and capricious and in error because appellant produced substantial evidence to prove practical difficulty while the protestants offered no evidence that would render the question fairly debatable.

The court affirmed the Board of Appeals' decision, holding that sufficient facts had been presented to the Board to make its decision fairly debatable and therefore should be affirmed.

Appellant contends on appeal that:

1. The court erred in affirming the Board of Appeals' decision where the Board is alleged to have erroneously applied the legal standards for a variance request as to sign regulations.

2. The court erred in finding that the issue before the Board of Appeals was fairly debatable.

### Standard of Review

The standard of judicial review as applied to decisions of administrative agencies in general, and to those of zoning boards in particular, has been stated and restated in many decisions of this Court and the Court of Appeals. Once a decision has been rendered by the zoning authority, it must be affirmed by the reviewing court if it is, in the language of the cases, "fairly debatable." *Pattey v. Board of County Commissioners for Worcester County*, 271 Md. 352, 360, 317 A.2d 142 (1974); *Montgomery v. Board of County Commissioners for Prince George's County*, 256 Md. 597, 602, 261 A.2d 447 (1970). In *Eger v. Stone*, 253 Md. 533, 542, 253 A.2d 372 (1969), the Court of Appeals defined the term "fairly debatable":

We have made it quite clear that if the issue before the administrative body is "fairly debatable," that is, that its determination involved testimony from which a reasonable man could come to different conclusions, the courts will not substitute their judgment for that of the administrative

body, in the absence of an unconstitutional taking of private property for public use without the payment of just compensation. . . .

*See also Art Wood Enters. v. Wiseburg Community Ass'n,* 88 Md.App. 723, 727, 596 A.2d 712, *cert. denied,* 325 Md. 397, 601 A.2d 130 (1992); *Mayor & City Council of Baltimore v. Bruce,* 46 Md.App. 704, 715, 420 A.2d 1272 (1980).

In reviewing the zoning authority's decision, the court must consider all of the evidence in the administrative record. *Sedney v. Lloyd,* 44 Md.App. 633, 637, 410 A.2d 616 (1980); *see also Mayor of Annapolis v. Annapolis Waterfront Co.,* 284 Md. 383, 394–98, 396 A.2d 1080 (1979). The reviewing court's role, however, is confined to determining the legality of the procedure employed and whether the decision was fairly debatable in light of the evidence adduced before the zoning authority. *Jabine v. Priola,* 45 Md.App. 218, 234, n. 17, 412 A.2d 1277 (1980); *Entzian v. Prince George's County,* 32 Md.App. 256, 257–58, 360 A.2d 6 (1976).

The role of this Court "is essentially to repeat the task for the circuit court; that is, to be certain the circuit court did not err in its review." *Art Wood v. Wiseburg,* 88 Md.App. at 728, 596 A.2d 712, *quoting Mortimer v. Howard Research,* 83 Md.App. 432, 442, 575 A.2d 750 (1990).

## Discussion of Law

### 1. *Legal Standards for a Variance Request*

A request for a variance from sign regulations may be granted by the Baltimore County Board of Appeals "where special circumstances or conditions exist that are peculiar to the land . . . and where strict compliance with the zoning regulations for Baltimore County would result in practical difficulty or unreasonable hardship." B.C.Z.R. § 307.1 (1992). Courts have interpreted the "practical difficulty or unreasonable hardship" standard to be disjunctive, meaning that satisfaction of either of the conditions may warrant a variance. *Loyola Loan Ass'n v. Buschman,* 227 Md. 243, 250–51, 176

A.2d 355 (1961). Because a variance from sign regulations is deemed to be an "area" variance, the impact of which is viewed as being much less drastic than that of a "use" variance, a party need only show "practical difficulty," the lesser standard of proof, to be entitled to relief. *McLean v. Soley,* 270 Md. 208, 213–14, 310 A.2d 783 (1973); *Anderson v. Board of Appeals,* 22 Md.App. 28, 39, 322 A.2d 220 (1974). The criteria for determining "practical difficulty" was set forth by the Court of Appeals in *Anderson v. Board of Appeals, supra,* as follows:

1) Whether compliance with the strict letter of the restrictions governing area, set-backs, frontage, height, bulk or density would unreasonably prevent the owner from using the property for a permitted purpose or would render conformity with such restrictions unnecessarily burdensome.

2) Whether a grant of the variance applied for would do substantial justice to the applicant as well as to other property owners in the district, or whether a lesser relaxation than that applied for would give substantial relief to the owner of the property involved and be more consistent with justice to other property owners.

3) Whether relief can be granted in such fashion that the spirit of the ordinance will be observed and the public safety and welfare secured.

270 Md. 208, 214–215, 310 A.2d 783.

 Appellant asseverates that the Board's delineation of "practical difficulty" was unduly restrictive and that as a result its final decision in denying the variance request was tainted and not in accordance with law. In addition, appellant contends that the Board failed to delineate which standard—practical difficulty or undue hardship—it applied and therefore may have erroneously imposed the more stringent burden of unreasonable hardship, making its decision arbitrary, capricious and illegal.

We disagree. The Board of Appeals' written Opinion concludes that "[p]etitioner will not suffer any practical difficulty or undue hardship." This clearly demonstrates that the

Board considered both standards of review when it denied the variance. Additionally, it can be discerned from the Board's Opinion that it considered the appropriate standard, that of practical difficulty, and the three criteria that must be met under that standard. Specifically, the Board's Opinion states that "the height and size of the sign being requested is more for the convenience of the Petitioner than necessity" (criterion 1) and alluded to testimony by witnesses from the community that led to the conclusion that "the sign would seriously impact the residential community" (criterion 2). The Opinion also stated that granting the variance request "would clearly be contrary to the spirit of the Baltimore County Zoning Regulations concerning signs" (criterion 3). The Board's Opinion, therefore, adequately evidences a recognition of the three criteria that must be met to show practical difficulty and makes clear that the appropriate legal standard of practical difficulty was applied.

### 2. *Fairly Debatable*

■ Appellant presented ample evidence to support its contention that practical difficulty warranting a variance exists. It alleged that the low elevation of the site and the screening of the site by trees are natural conditions that result in a site with unique topography, so that strict application of the existing zoning ordinance would constitute a practical difficulty for appellant. Appellant further pointed out that because of the "commercial" nature of the area in which the site is located, it is precluded from participating in the Maryland State Highway Logo Program, which allows eligible businesses to place their logos on signs along certain designated highways. Appellant asseverated that neighboring competitors enjoy significantly higher and larger rooftop signs than the one proposed by appellant. The operation of a motel without adequate signage for recognition by potential customers places appellant, in its opinion, at an extreme disadvantage with motels in the same commercial zone that enjoy large, visible, illuminated signs. Finally, appellant based its allegation that this was an arbitrary, capricious decision on the

Zoning Commissioner's determinations in two unrelated petitions for variances by other lodging establishments located approximately fifteen miles from the subject property.

Appellee, in turn, presented extensive evidence in an attempt to discredit appellant's claim of practical difficulty. It demonstrated that the proposed sign would have an adverse effect on the residents of the community and contended that if allowed as requested, it would be 70 feet tall and 216 square feet in size, thereby greatly exceeding the maximum allowed height of six feet and the maximum allowed sign face of 25 square feet. Appellee also pointed out that several sign variances were already granted for appellant that provide additional and over-sized signage, thereby weakening any claim of practical difficulty in terms of being seen by passing motorists. Appellee also referred to the Director of Planning's memorandum that stated that appellant's motel is visible from the Interstate, "thereby making the need for excessive, additional signage questionable." Appellee suggested that the retention of a shrub clipping service would alleviate the alleged practical difficulty concerning any screening effect resulting from the growth of trees planted on the site. Regarding the competitors' large, illuminated rooftop signs, evidence was produced showing that those competitors may not have obtained zoning approval for their signs, thus rendering them arguably illegal.

The County Board of Appeals was, therefore, presented with adequate evidence for its findings and conclusion, regarding appellant's incurring practical difficulty, to be "fairly debatable." The matter thus was one for the Board's decision, and should not be second-guessed by an appellate court, *Board of County Comm'rs v. Holbrook*, 314 Md. 210, 218, 550 A.2d 664 (1988), as long as the decision was supported by more than a scintilla of evidence. *Anne Arundel County v. A–Pac Ltd.*, 67 Md.App. 122, 506 A.2d 671 (1986). The petitions of the two other lodging establishments are irrelevant to the sign request made by appellant. Zoning matters, including sign variance requests, depend upon the unique facts and circumstances of a particular location and must be ana-

228

lyzed individually. Substantial evidence was introduced in the case *sub judice* to render the issue "fairly debatable" and to support the Board's ruling, and in the absence of evidence of a more specific pattern showing authorization of similar signs in similar situations, the circuit court's affirmance was not arbitrary, capricious or illegal.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**