718 A.2d 613

BURGESS and Commissioners of Walkersville

v.

103–29 LIMITED PARTNERSHIP.

No. 1624, Sept. Term, 1997.

Court of Special Appeals of Maryland.

Aug. 31, 1998.

Reconsideration Denied Oct. 28, 1998.

294

John R. Clapp (Clapp & Carper, LLC, on the brief), Frederick, for appellant.

Jefferson V. Wright (Miles & Stockbridge, P.C., Baltimore, G. Randall Whittenberger and Miles & Stockbridge, P.C., Frederick, on the brief) for appellee.

Argued before HOLLANDER, SONNER, KENNEY, JJ.

SONNER, Judge.

Appellants/cross-appellees, the Burgess[1] and Commissioners of Walkersville (the Commissioners), challenge an order issued in the Circuit Court for Frederick County entering a judgment in favor of appellee/cross-appellant, 103–29 Limited Partnership (the landowner). The Commissioners filed this appeal and the landowner has cross-appealed. We are asked to consider the following questions:

I. Did the court err in finding that the Burgess and the Commissioners acted arbitrarily in adopting boundaries for a neighborhood different from those presented at the hearing?

II. Did the circuit court err in remanding the case to the Burgess and Commissioners for the purpose of identifying the neighborhood when they also denied the rezoning request for independent reasons of inadequate facilities?

III. Was the decision to deny the rezoning request arbitrary, capricious, and discriminatory such that reversal of the Commissioners' decision and not remand is the appropriate remedy?

Since we find merit in the Commissioners' first contention, we shall reverse the judgment of the circuit court. Accordingly, we need not address appellants' remaining contention, nor need we address the landowner's contention on cross-appeal.

### FACTS

The landowner, 103–29 Limited Partnership, owns 224 acres of agriculturally-zoned land in Walkersville, Maryland. On September 24, 1996, it applied for a rezoning of the property from agricultural (A) to R–2 (residential). The Town Planning Staff reviewed, investigated, and considered the request and, in its report, concluded that there was no mistake in the

---

1. Section C3–20A of the Walkersville Code describes the Burgess as the chief executive officer and the head of the administrative branch of the town government.

original zoning and that there was no substantial change in the neighborhood. Further, even if a substantial change had taken place, the Staff found that public schools and other facilities (water and sewer) would not adequately support a residential development on the property and, as a consequence, recommended denying the request. The Town Planning Commission held a hearing on October 22, 1996 and, following the Staff recommendations, voted to recommend denial of the rezoning request.

The Burgess and Commissioners of Walkersville then heard the matter at a public hearing on November 13, 1996. The Planning Staff presented its report and, because the application asserted that there had been a change in the neighborhood, the Staff presented its definition of the neighborhood. The landowner then presented its definition of the neighborhood. That definition differed from the Planning Staff's and differed from the definition it presented before the Planning Commission. The landowner also presented a development plan for its intended use of the property as a residential subdivision and presented testimony through land planners, traffic engineers, hydrogeologists, fiscal analysts, realtors, and attorneys to address concerns about the adequacy of water, sewer, traffic, and schools, as well as proof of the definition of the neighborhood and substantial change in the character of the neighborhood. Part of the landowner's evidence as to substantial change related to two prior applications for rezoning, the Marpat and Roderuck Rezoning Ordinances, which the Commissioners had granted in the same "neighborhood," as defined by appellant.

Following the hearing, the Burgess indicated that, since the application alleged a change in the character of the neighborhood, the Commissioners first needed to identify just what the neighborhood embraced and determine whether the landowner had satisfied its burden of showing a change in the character of that neighborhood. The Burgess began discussing how to define the neighborhood and discussed the different suggestions for doing so, and, then, proposed a "neighborhood" different from that presented at the hearing. The Commis-

sioners then adopted the definition of the neighborhood as proposed by the Burgess and, after considering the changes in it, found that the landowner had not satisfied its burden of showing a substantial change. The Commissioners also considered the issue of public facilities and determined that, even if a substantial change had occurred, they would still deny the rezoning request because the various public facilities were inadequate to support a residential subdivision on the property. A written resolution formalized the denial. The landowner then filed an appeal in the Circuit Court for Frederick County.

The circuit court found that the Commissioners' adoption of the Burgess's proposed neighborhood, after the close of evidence at the public hearing, was without evidentiary basis and, consequently, arbitrary and capricious. The court did not reverse the Commissioners' decision but, instead, remanded the case. The Commissioners filed a motion in the circuit court to alter or amend and asked the court to reconsider its decision, not on the basis of the neighborhood issue, but, rather, on the issue of the denial of the rezoning based on the inadequate public facilities. The circuit court denied the motion in an oral decision, stating that it needed to know the nature of the neighborhood first in order to address that issue, and it again ordered remand. This appeal followed.

## ANALYSIS

 In Maryland, a landowner who seeks a zoning change must establish that the original zoning contained a mistake or that the conditions of the neighborhood have changed. *Montgomery v. Bd. of County Comm'rs for Prince George's County,* 256 Md. 597, 602, 261 A.2d 447, 450 (1970). Here, the landowner sought to have its property rezoned on the basis that there was a change in the character of the neighborhood and therefore it needed to establish "(a) what area reasonably constituted the 'neighborhood' of the subject property, (b) the changes which have occurred in that neighborhood since the comprehensive rezoning and (c) that these

changes resulted in a change in the character of the neighborhood." *Id.*

Once the zoning body decides, a reviewing court must give the decision great weight and a presumption of validity. *Cox v. Prince George's County,* 86 Md.App. 179, 187, 586 A.2d 43 (1991) (citation omitted). In reviewing the decision of an administrative agency, a court is "limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law." *United Parcel Serv., Inc. v. People's Counsel for Baltimore County,* 336 Md. 569, 577, 650 A.2d 226 (1994). The court may not substitute its own judgment, with regard to fact-based decisions, for that of the agency. *Prince George's County v. Brandywine Enterprises, Inc.,* 109 Md.App. 599, 619, 675 A.2d 585 (1996), *vacated on other grounds,* 350 Md. 339, 711 A.2d 1346 (1998) (citations omitted). "Nor is the reviewing court permitted to engage in judicial fact-finding or otherwise supply factual decisions that were not made by the zoning body." *Id.* Rather, a court should strive "to uphold the decision of the administrative agency, if there is any evidence which can be said to have made the issue for decision by the agency fairly debatable." *People's Counsel for Baltimore County v. Beachwood I Ltd. Partnership,* 107 Md.App. 627, 637, 670 A.2d 484 (1995) (citation omitted).

Here, the circuit court found that the Commissioners' decision to deny the landowner's rezoning request was "arbitrary, capricious and discriminatory." The lower court based its decision on the landowner's claim that the Commissioners' adoption of the neighborhood proposed by the Burgess was without evidentiary support. The court indicated that it had reviewed the administrative record and found that the neighborhood drawn was not supported by competent, material, and substantial evidence. We find this to be error.

The "area constituting the neighborhood of a subject property for the purpose of evaluating change will depend

upon the facts and circumstances of each case." *Sedney v. Lloyd,* 44 Md.App. 633, 639, 410 A.2d 616 (1980). "[T]he concept of a 'neighborhood' is a flexible one and will vary according to the geographical location involved; it being axiomatic that in rural or semi-rural areas ... the 'neighborhood' will be larger and more fluid than in a city or a suburban area." *Pattey v. Board of Co. Comm'rs,* 271 Md. 352, 363, 317 A.2d 142(1974) (citations omitted). A neighborhood should not be "precisely and rigidly defined, but may vary from case to case...." *Woodlawn Area Citizens Ass'n v. Board of County Comm'rs for Prince George's County,* 241 Md. 187, 198–99, 216 A.2d 149 (1966). "[N]evertheless, the neighborhood in any area must be an area which *reasonably* constitutes the immediate environs of the subject property." *Clayman v. Prince George's Co.,* 266 Md. 409, 418, 292 A.2d 689 (1972) (emphasis in original) (citation omitted). As long as the neighborhood delineated by the zoning authority is reasonable, we must give "the greatest deference" to the "zoning authority's judgment regarding the scope of the neighborhood to be drawn." *Sedney,* 44 Md.App. at 640, 410 A.2d 616 (citing *Pattey,* 271 Md. at 363, 317 A.2d 142).

In its resolution denying the rezoning of the landowner's property, the Commissioners indicated that they declined to adopt either of the two neighborhoods proposed by the landowner. The first proposed neighborhood, presented before the Planning Commissioners, excluded "adjoining and nearby lands while including lands much farther away ... compris[ing] an area ... [outside] the subject property's immediate environs." The Burgess and the Commissioners rejected the neighborhood proposed before it as too expansive, "consist[ing] of approximately seven square miles. The size of this proposed neighborhood is approximately twenty (20) times the size of the subject property [and] ... includes much more than the immediate environs of the subject property." The Commissioners also rejected the neighborhood proposed by the Planning Staff and Planning Commission, finding that it did not recognize "physical barriers such as streets, roads or streams as forming the confines of the neighborhood." In-

stead, the Commissioners adopted a neighborhood that "includes the subject property and all adjoining and adjacent properties and subdivisions. The bounds of the neighborhood are long-established state, county, and municipal roadways. The neighborhood is limited to the immediate environs of the subject property and is not as expansive as the other proposed neighborhoods."

We find that this decision demonstrates that sufficient evidence had been adduced to make the issue of "what area reasonably constituted the 'neighborhood' of the subject property" fairly debatable. As the Court of Appeals indicated in *Rockville v. Stone,* 271 Md. 655, 661, 319 A.2d 536 (1974) (citing *Rockville v. Henley,* 268 Md. 469, 302 A.2d 45 (1973)), when the landowners present one definition of the neighborhood and the planning commission presents another, there exists "an honest dispute as to what comprises the neighborhood mak[ing] the issue fairly debatable, . . . [such that] the city's choice to accept [one] definition cannot successfully be questioned. . . ."

■ By rejecting the Commissioners' decision, the circuit court seemed to suggest that the Commissioners were required either to accept the neighborhood concept offered by the landowner or by the Planning Staff. The circuit court determined that the Commissioners' decision to adopt a distinct neighborhood concept was not supported by competent evidence. We find that the circuit court's decision is contrary to the law. Binding the Commissioners to either definition presented does not allow them to use their extensive local knowledge in determining zoning issues, *Wakefield v. Kraft,* 202 Md. 136, 149, 96 A.2d 27 (1953), and removes from their purview, the decision-making authority, inherently included in their position, to delineate a neighborhood "which *reasonably* constitutes the immediate environs of the subject property." *Clayman,* supra.

■ Further, relying on *Largo Civic Ass'n v. Prince George's County,* 21 Md.App. 76, 318 A.2d 834 (1974), we find that there was substantial evidence to support the Commis-

sioners' findings. In *Largo,* the applicants established their concept of the neighborhood and the protestants offered evidence showing the neighborhood as a much more restricted area. The District Council rejected both concepts and, in its decision to adopt a third distinct neighborhood, it recognized that a neighborhood is a fluid concept allowing for differing opinions about its boundaries. There, the Council indicated that, in its opinion, a neighborhood "is an area having common geographical, physical and social characteristics which affect its physical development," and delineated a neighborhood based on main roads as natural barriers "that give reference to borders of neighborhoods." *Id.* at 87, 318 A.2d 834. We found that the evidence included a zoning map and that the District Council was entitled to rely on that map to establish what, in its view, constituted a neighborhood. The Council's opinion demonstrated a clear delineation of "the neighborhood as the Council saw it." *Id.* at 88, 318 A.2d 834. Under those circumstances, we held that, even if we evaluated the evidence differently, we were not at liberty to substitute our judgment when there was substantial evidence to support the Council's findings. *Id.*

We hold that the same is true in this case. Here, the landowners and the Planning Staff submitted a number of maps, drawings, diagrams, and photographs showing the Walkersville area. The Commissioners were entitled to evaluate the information provided in light of their extensive local knowledge and delineate a neighborhood as they saw it. The Commissioners' resolution indicates that they relied on the evidence in the record in rejecting the landowner's proposed neighborhoods because they did not reflect the immediate environs of the subject property, excluding some nearby lands, and including others that were some distance away. The Commissioners also stated that they rejected the Planning Staff's proposed neighborhood as it did not recognize physical barriers, such as roads and streets, as forming the confines of the neighborhood. Their evaluation of the evidence is not inappropriate. In the neighborhood delineated by the Commissioners, they defined the boundaries with "long-established

state, county and municipal roadways," included within which were "the subject property and all adjoining and adjacent properties and subdivisions." While we could have interpreted the evidence differently, "we are not at liberty to substitute our judgment ... where there is substantial evidence to support the [Commissioners'] finding." *Id.* Accordingly, we find that the circuit court erred in finding that competent, material, and substantial evidence did not support the Commissioners' decision, and we remand the case to the circuit court so that it may address the contentions raised by the landowner, which the circuit court held in abeyance until "an appropriate determination of the relevant neighborhood" occurred.

**JUDGMENT OF THE CIRCUIT COURT FOR FREDERICK COUNTY REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. APPELLEE TO PAY COSTS.**