WOMAN'S CLUB OF CHEVY CHASE, INC. *v.* STATE
TAX COMMISSION ET AL.

[No. 108, October Term, 1949.]

*Decided April 12, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON and MARKELL, JJ.

*Kathryn J. Lawlor*, with whom were *Lawlor & Roeder*, on the brief, for appellant.

*Ward B. Coe Jr., Assistant Attorney General, J. Hodge Smith, Assistant County Attorney for Montgomery County* with whom were *David Macdonald, County Attorney for Montgomery County,* and *Hall Hammond, Attorney General,* on the brief, for appellees.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from an order affirming the action of the State Tax Commission, which affirmed the action of the County Commissioners of Montgomery County in entering an assessment on appellant's club house and land (about an acre) for property taxation for the year 1948-1949, and thereby denying appellant's claim that this property was exempt from taxation, under Art. 81, sec. 7(7) and (8), Code, 1947 Supp., as the building and the appurtenant ground of a "charitable or benevolent" or an "educational or literary" institution (or both), no part of the net income of which inures to the benefit of any private stockholder or individual. The appeal from the commission to the court, under Art. 81, sec. 194(a),

"on questions of law only", in effect presented the question of the correctness of the commission's conclusions of law from undisputed facts as to the nature of appellant's activities, *e.g.*, whether appellant is strictly a charitable or benevolent or an educational or literary institution (or both) or to a substantial degree a social club. This question was argued before us by opposing counsel with candor and with unusual interest and ability. Events have made it unnecessary for us to decide this question. The commission and the lower court in effect held that appellant was not strictly a charitable or benevolent or an educational or literary institution but was to a substantial degree a social club; appellant argued to the contrary. On this question we express no opinion. It is undisputed that no part of appellant's net income inures to the benefit of any private shareholder or individual. In August, 1941 the county commissioners declared appellant's property exempt from taxation; thereafter no question was raised as to its taxable status until the assessment for the year 1948-1949. The lower court in its opinion says of appellant, "The Club serves a most useful public purpose in our County. It has greatly assisted in the cultural and intellectual advancement of the people it serves."

By Chapter 134 of the Acts of 1949, Art. 81, sec. 7(7) was amended so as to provide, *inter alia*, "* * * All nonpolitical women's clubs * * * whose charter shows that the only purposes of such club are of a charitable, benevolent, educational and civic nature to promote the public welfare, and that any benefits or enjoyment or entertainment received from membership in said clubs are incidental to such purposes, shall be deemed to be a charitable, benevolent and educational institution for the purposes of this section." The lower court in its opinion says, "Chapter 134 of the Acts of 1949 is not retroactive, and the court expresses no opinion as to whether the Club is exempted by that statute. The present case does not permit a decision on that point." The construction or application of the Act of 1949 was

not directly argued before us, but the act was mentioned at the argument and neither then nor subsequently has counsel for the taxing authorities suggested that the act is not applicable to appellant. Perhaps it is possible to quibble about the word "incidental", but we have no doubt that the act was intended, and its words are appropriate, to apply to appellant, and others similarly situated.

Since the argument before us, Chapter 11 of the Acts of 1950, effective June 1, 1950, has been passed by the General Assembly and approved by the Governor. This act directs the taxing authorities to abate "any assessment for taxes levied during either 1948 and/or 1949 on account of any property which would have been exempt from assessment under * * * Chapter 134 of the Acts of * * * 1949 * * * if said Chapter 134 had been in effect at the time such property was assessed", or to refund any taxes paid on any such assessment. The necessary effect of this act is that on and after June 1, 1950 the taxes in question in this case will be uncollectible or (if paid) will be recoverable by appellant. No constitutional right is affected by thus retroactively extinguishing these taxes.

"An appellate court is bound to decide a case according to existing laws, even though a judgment rightful when rendered by the court below should be reversed as a consequence. *Day v. Day*, 22 Md. 530." *Cockerham v. Children's Aid Society*, 185 Md. 97, 102, 43 A. 2d 197, 200; *Tudor Arms Apartments v. Shaffer*, 191 Md. 346, 62 A. 2d 346, 350. Assuming, without deciding, that the decision below in the instant case was right when rendered, it will be contrary to law on and after June 1, 1950. Our mandate will not issue before June 1, 1950. It follows that the order appealed from must be reversed, without deciding whether or not it was erroneous when entered.

> *Order reversed, with costs, and case remanded for passage of an order abating the assessment in question.*