594 A.2d 95

The ARUNDEL CORPORATION and Tidewater Quarries, Inc.

v.

The COUNTY COMMISSIONERS OF CARROLL
COUNTY, MARYLAND.

No. 95, Sept. Term, 1990.

Court of Appeals of Maryland.

Aug. 22, 1991.

William B. Dulany (Dulany, Parker & Scott, all on brief), Westminster, for petitioners.

Laurell E. Taylor, Asst. County Atty. (Charles W. Thompson, Jr., County Atty., both on brief), Westminster, for respondent.

Argued before MURPHY, C.J., ELDRIDGE RODOWSKY McAULIFFE and CHASANOW, JJ., CHARLES E., ORTH, Jr., J. (retired, specially assigned), and BRUCE C. WILLIAMS, J. (specially assigned).

RODOWSKY, Judge.

The Board of Zoning Appeals of Carroll County (the Board) dismissed without hearing the petitioners' applications for conditional uses. The Board held that the content of the applications was governed by an amendment to the zoning ordinance that was enacted after the applications had been filed. We shall hold that applying the amendment in that retrospective fashion was error.

The Carroll County Zoning Ordinance (the Ordinance) identifies "extractive operations" for special treatment. Prior to February 24, 1988, § 20.14 of the Ordinance defined extractive operations as "[t]he extracting or mining of sand, gravel, limestone, soapstone, or building stone." In an agricultural district extractive-type industries are permitted only as conditional uses. Such uses require Board authorization, subject to the requirements of § 14.4 of the Ordinance. *See* § 6.3(f). Prior to February 24, 1988, Ordinance § 14, Division IV set forth certain general regulations for extractive operations and processing, but it estab-

lished no special requirement for the information which was to accompany an application for a conditional use for extractive operations. At that time instructions in the Board form of March 1983, "Application for Hearing," listed information to be presented, apparently with applications for hearings of any type.[1]

On February 24, 1988, the petitioners, The Arundel Corporation and Tidewater Quarries, Inc. (collectively, Arundel), filed with the Board two applications for hearing for conditional uses for extractive-type industries. One application related to approximately 265 acres and the other, titled "Amended Application for Hearing," related to an approximately 125 acre site.

While these applications were pending, but prior to hearing thereon, the respondent, County Commissioners of Carroll County, Maryland (the County), enacted Ordinance No. T–75 which, *inter alia*, added a new § 14.43 to the Zoning Ordinance. In outline, new § 14.43 provided as follows:

"DOCUMENTATION TO ACCOMPANY A PETITION FOR AN 'AE' DESIGNATION.

A Petition for an 'AE' designation shall be accompanied by:

(a) A detailed site development plan....

(b) A copy of all necessary State permits or letters of certification from each State agency that it ... is prepared to issue its permit....

(c) A comprehensive hydrogeologic study....

(d) The approved land reclamation and restoration plan required by State law.

(e) A map of the proposed truck haul routes....

(f) A noise analysis....

---

**1.** The application form refers to the "Rules of Organization and Procedure for the Board of Zoning Appeals." No party to this appeal has considered any portion of those rules to be pertinent. Otherwise, the verbatim text of the pertinent rule would have been included in a party's brief pursuant to Maryland Rule 8–504(a)(7).

(g) A description of dust control measures to be employed on site.

(h) Hours of operation.

(i) A description of environmental impacts and planned mitigation measures.

(j) Any additional information as may be required by the Planning Commission or the County Commissioners."

The effective date provision of T–75 reads in relevant part:

"This ordinance shall become effective immediately. ... If this ordinance is not filed or published it shall be effective in any event."

Ordinance T–75 was adopted at a public meeting on March 28, and executed by the County Commissioners on March 31. Notice of adoption was published on May 2, and the ordinance was filed with the Clerk of the Circuit Court for Carroll County on May 31, 1988. In this case the circuit court held that Ordinance T–75 became effective March 28, 1988. We shall assume, without deciding, that that is the effective date.[2]

On May 5 a representative of the Board attempted to return the Arundel applications to its counsel, but counsel refused to accept them. Then, on June 10, 1988, the Board wrote to counsel for Arundel, stating in relevant part:

"Ordinance T–75, adopted and effective March 28, 1988, governs ... the Board in processing the applications for public hearings. The amendment provides no exception for processing, for public hearing, applications filed before the effective date.

"As neither application complies with the provisions of Article 6, Section 6.3(f) and Article 14, Division IV, Section 14.43 of the zoning ordinance, the Board is without

---

**2.** Inasmuch as the Board's official action on the Arundel applications was not taken until June 10, 1988, the precise effective date is not material to our decision in this case.

jurisdiction to: (1) process the applications for public hearing, and (2) hold the public hearings."

Then, by letter of June 24, 1988, the Board advised Arundel's counsel that the June 10 letter "constitutes the Board's official and final decision in this matter."

Arundel noted an administrative appeal under Md.Code (1957, 1988 Repl.Vol.), Art. 66B, § 4.08, and the County intervened. In its legal memoranda to the circuit court Arundel argued three points in addition to unlawful retrospective application of Ordinance T–75: (1) that T–75's subject matter was preempted by state statutes dealing with natural resources; (2) that Ordinance T–75 undertook to regulate beyond the County's zoning power; and (3) that Ordinance T–75 was void for vagueness.

The circuit court ruled that new § 14.43 of the Ordinance contained "substantial alterations of then-existing zoning law, significantly increasing the burden on [Arundel]." This the circuit court viewed to be "basically unfair" when retroactively applied. That court reversed the order of the Board "refusing to process two Applications ... for a Conditional Use to permit quarrying and extractive-type industries in Carroll County's Agricultural District." The cases were remanded to the Board "with instruction that it consider the Applications in accordance with the relevant provisions of the County Zoning Ordinance in effect on February 24, 1988." The circuit court did not consider the additional issues which Arundel had raised.

The County appealed to the Court of Special Appeals. Arundel cross-appealed, arguing preemption, an exceeding of zoning power, and vagueness.

The Court of Special Appeals held "that Ordinance T–75 does not affect matters or rights of substance. It is a change in the Zoning Ordinance affecting procedure only, and, as such, may be applied to pending actions." *County Comm'rs of Carroll County v. Arundel Corp.*, 82 Md.App. 418, 426, 571 A.2d 1270, 1274 (1990).

Alternatively, the Court of Special Appeals held that a prospective application of T–75, pursuant to *Washington Suburban Sanitary Comm'n v. Riverdale Heights Volunteer Fire Co.*, 308 Md. 556, 520 A.2d 1319 (1987), would produce the same result. Pointing out that no decision had been made whether the conditional uses would be granted, the intermediate appellate court said that "when it first came time to render a decision, the existing law was Ordinance T–75. Such law must be applied." 82 Md.App. at 427, 571 A.2d at 1274. As a further, alternative holding, the court said that even if there were a retroactive application of Ordinance T–75, it "would not be 'basically unfair' as proscribed in *T & R Joint Ventures v. Office, Planning & Zoning*, [47 Md.App. 395, 424 A.2d 384 (1980)]." 82 Md. App. at 427, 571 A.2d at 1274.

The Court of Special Appeals remanded the cases to the circuit court to decide the validity of Ordinance T–75 "in light of the preemption, vagueness and due process challenges argued by [Arundel]." 82 Md.App. at 428, 571 A.2d at 1275.

We granted Arundel's petition for certiorari. In its brief to this Court, Arundel, in addition to contending that the Board illegally applied Ordinance T–75 retrospectively, argues the preemption, exceeding zoning power, and vagueness issues.

I

The order of the Board from which this administrative appeal was noted dismissed Arundel's applications because they did not comply with new § 14.43 of the Ordinance. The Board's articulated reasons for its decision do not suggest that the applications for hearing failed to comply with the law in effect when the applications were filed. Ordinance T–75, adopted March 28, 1988, more than one month after the applications were filed, plainly states that it "shall become effective immediately." Its text contains no language attempting to give Ordinance T–75 a

retrospective application to the content of applications previously filed.

> "As a general rule, statutes are presumed to operate prospectively and are to be construed accordingly. The presumption against retrospectivity is rebutted only where there are clear expressions in the statute to the contrary. Moreover, even where permissible, retrospective application is not found except upon the plainest mandate in the legislation."

*Washington Suburban Sanitary Comm'n v. Riverdale Heights Volunteer Fire Co.,* 308 Md. at 560–61, 520 A.2d at 1321–22 (citations omitted).

*Mason v. State,* 309 Md. 215, 522 A.2d 1344 (1987), illustrates the above-quoted rules. Chapter 647 of the Acts of 1986 amended the Maryland Uniform Post Conviction Procedure Act effective July 1, 1986, by providing that " '[a] person may not file more than two petitions, arising out of each trial, for relief under [that act].' " *Id.* at 218, 522 A.2d at 1345. Mason had filed two petitions prior to July 1, 1986. He filed another petition in September 1986 which the circuit court rejected. This Court reversed. Giving the act prospective application, we held that the limitation applied to petitions filed after its effective date. Consequently Mason's September 1986 petition was his first subject to the new limitation.

In the instant matter, the Board dismissed the Arundel applications because they did not contain the data, exhibits, and reports specified in new § 14.43 of the Ordinance. That is a retrospective application of Ordinance T–75, the terms of which operate only prospectively. Ordinance T–75 does not establish filing requirements for applications filed prior to its effective date.

Consequently, these cases must be remanded to the Board.

## II

The only decision by the Board in this case is that Arundel's applications, filed in February 1988, would not be

processed, but would, in effect, be dismissed, because they did not comply with the later enacted requirements. Arundel argues, however, that new § 14.43 "imposes additional elements which must be proven by an applicant for mineral extraction conditional uses in Carroll County such as compliance with complex state laws and regulations regarding surface mining, land reclamation, water appropriation, etc." Brief of Petitioners at 11. That is not what the Board held in the order appealed by Arundel. Arundel's applications never got to the stage of a hearing on the merits. Whether the Board, on remand, will construe new § 14.43 as establishing standards to be met in order to qualify for the requested conditional use approvals, and whether the Board will apply those standards to Arundel's applications, are issues that are not before us.

Arundel seeks to use the Board's order to obtain an adjudication on a question going to the, as yet undecided, merits. Arundel is anticipating that § 14.43 will be construed as establishing standards for the grant of a conditional use in "AE" cases and then will be applied to the Arundel applications. This is not a case in which those anticipated issues need be decided for the guidance of the Board on remand. Counsel for the County assert that "prior to Ordinance T–75, the Board had the obligation, under what is now § 17.7 of the Zoning Ordinance, to obtain and consider evidence on the same matters as those addressed by Ordinance T–75...." Brief of Respondent at 12.[3] The Court of Special Appeals seemed to indicate

---

**3.** Section 17.7 of the Ordinance reads:

"Where in these regulations certain powers are conferred upon the Board or the approval of the Board is required before a conditional use may be issued, the Board shall study the specific property involved, as well as the neighborhood, and consider all testimony and data submitted. The application for a conditional use shall not be approved where the Board finds the proposed use would adversely affect the public health, safety, security, morals or general welfare, or would result in dangerous traffic conditions, or would jeopardize the lives or property of people living in the neighbor-

agreement with this argument of the County in the course of holding that Ordinance T–75 was procedural only. 82 Md.App. at 425–26 & n. 4, 571 A.2d at 1273–74 & n. 4.[4] Inasmuch as the County's position is that Ordinance § 17.7, which antedated Arundel's applications, imposed the same requirements for proof that new § 14.43 imposes for documentation accompanying an application, whether § 14.43 also imposes decisional standards, and whether those standards may be applied to Arundel's applications, are issues that the Board may never reach on remand.

### III

■ Arundel's arguments based on preemption, exceeding zoning powers, and vagueness are not before us on this administrative appeal. They have not been addressed by the agency under the statutory procedure of Art. 66B, § 4.07(d) for this special kind of case. " '[A] litigant must ordinarily pursue that form of remedy and not bypass the administrative official.' " *Muhl v. Magan,* 313 Md. 462, 480, 545 A.2d 1321, 1330 (1988) (quoting *Oxtoby v. McGowan,* 294 Md. 83, 447 A.2d 860 (1982)). Exhaustion of administrative remedies is the general rule where the issue is one of statutory construction, *see Muhl,* 313 Md. at 481–82, 545

---

hood. In deciding such matters, the Board shall give consideration, among other things, to the following:

(a) The number of people residing or working in the immediate area concerned.

(b) The orderly growth of the community.

(c) Traffic conditions and facilities.

(d) The effect of the proposed use upon the peaceful enjoyment of people in their homes.

(e) The conservation of property values.

(f) The effect of odors, dust, gas, smoke, fumes, vibrations, glare and noise upon the use of surrounding property values.

(g) The most appropriate use of land and structures.

(h) The purpose of this Ordinance as set forth herein.

(i) Type and kind of structures in the vicinity where public gatherings may be held, such as schools, churches, and the like."

**4.** This observation by the Court of Special Appeals was *dictum.* Absent any findings by the Board based on new § 14.43, no conclusive comparison could be made.

A.2d at 1331, and where the agency's action is challenged on constitutional grounds, *see Prince George's County v. Blumberg,* 288 Md. 275, 293, 418 A.2d 1155, 1165 (1980), *cert. denied,* 449 U.S. 1083, 101 S.Ct. 869, 66 L.Ed.2d 808 (1981). But, even if some constitutional issue sought to be raised at the present time by Arundel were not subject to the exhaustion requirement, *cf. Blumberg,* 288 Md. at 284–85, 418 A.2d at 1161 (direct attack on power of legislative body to pass the legislation), Arundel's attacks, raised for the first time in the circuit court, are still premature. It may be that the Board will decide Arundel's requests for conditional uses without ever relying on provisions, if any, of Ordinance T–75 that are not within prior law.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED. CASES REMANDED TO THAT COURT FOR THE ENTRY OF A JUDGMENT VACATING THE JUDGMENT OF THE CIRCUIT COURT FOR CARROLL COUNTY AND REMANDING THESE CASES TO THE CIRCUIT COURT FOR CARROLL COUNTY FOR THE ENTRY OF A JUDGMENT REVERSING THE ORDER OF THE BOARD OF ZONING APPEALS OF CARROLL COUNTY AND REMANDING THESE CASES TO THE BOARD OF ZONING APPEALS OF CARROLL COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID ONE–HALF BY THE PETITIONERS, THE ARUNDEL CORPORATION AND TIDEWATER QUARRIES, INC., AND ONE–HALF BY THE RESPONDENT, COUNTY COMMISSIONERS OF CARROLL COUNTY, MARYLAND.