768 A.2d 750

**Larry POWELL et al.**

v.

**CALVERT COUNTY, Maryland.**

**No. 1125, Sept. Term, 2000.**

Court of Special Appeals of Maryland.

March 9, 2001.

426

428

Paul B. Rodbell (Meyers, Rodbell & Rosenbaum, P.A., on the brief), Riverdale, for appellants.

Jack G. Upton (Davis & Upton, on the brief), Prince Frederick, for appellee.

Argued before HOLLANDER, JAMES R. EYLER, and THEODORE G. BLOOM, (Ret., specially assigned), JJ.

JAMES R. EYLER, Judge.

The principal question presented in this appeal requires us to consider and apply the doctrine of vested rights in a zoning context. On March 19, 1997, the Board of Appeals for Calvert County (the Board) granted James W. Graner a special exception for the storage of construction materials. As a result of an earlier petition for judicial review, this Court, in an opinion filed on April 23, 1999, vacated the Board's approval and remanded the case to the Board for further proceedings on the ground that the reasons given by the Board were insufficient to permit appellate review. On remand, without receiving additional evidence or argument, the Board amended its opinion in response to this Court's mandate and granted the special exception. The case is now before us as a result of a second petition for judicial review. We hold that the evidence and reasons given by the Board in its amended opinion are, as explained herein, legally sufficient to support the Board's decision. We further hold that, because the applicant had acquired vested rights, the Board did not err in refusing to apply an intervening amendment to the zoning ordinance that would have prohibited the special exception.

## Factual Background

James W. Graner owns approximately 14 acres of land zoned RUR (Rural District) in Calvert County. The acreage in question was part of a larger tract that was developed as a residential subdivision in the late 1980's. Mr. Graner operates an excavating business on the property, the business having been acquired from his grandfather in 1981. The business utilizes approximately 3 acres out of the total of 14 acres.

In 1984, Mr. Graner was issued a home occupation permit under the Calvert County Zoning Ordinance, which permitted him to locate the office for his business on the premises. In 1986, Mr. Graner was issued a special exception which permitted him to park excavating equipment on the premises. Sometime thereafter, Mr. Graner began storing construction materials.

Calvert County sought injunctive relief based on several alleged zoning violations, including storing construction materials. The Circuit Court for Calvert County, in an opinion dated January 23, 1996, found that Mr. Graner was in violation of zoning restrictions and ordered, in pertinent part, that he cease outside storage of construction materials and that he apply for a special exception if he wanted to continue to store such materials on the property.

On January 2, 1997, Mr. Graner applied for a special exception to permit the outside storage of construction materials. On March 19, 1997, the Board of Appeals granted the special exception. On petition for judicial review, the Circuit Court for Calvert County, on November 17, 1997, affirmed the Board's decision.

On appeal to this Court, the question was whether the evidence was legally sufficient to sustain the Board's action. In an unreported opinion, we reversed and remanded the case to the circuit court with instructions to vacate the Board's decision and to remand the case to the Board for further proceedings consistent with our opinion. *Powell v. Calvert County*, No. 212, September Term, 1998 (filed April 23, 1999). In doing so, applying the standard of judicial review of an administrative decision, we observed that the Board had made a visit to the site but included no information in the record relating to that visit. It was unclear whether the Board relied on information obtained in that site visit. Accordingly, because the record was deficient in that the Board may have relied on matters not contained in the record, we remanded the matter for further proceedings.

In the interim, on December 5, 1998, the County Commissioners for Calvert County amended the zoning ordinance to prohibit the outdoor storage of materials in connection with a commercial or industrial use on RUR zoned property. On September 2, 1999, the Board, without receiving additional evidence or argument, amended its earlier opinion and approved the special exception.

Larry Powell and Susan M. Mulvaney, owners of homes in the nearby subdivision, appellants, filed a petition for judicial review in the Circuit Court for Calvert County, raising three issues. In addressing those issues, the circuit court (1) held that the Board had not erred in refusing to apply the intervening amendment to the zoning ordinance, (2) held that there was substantial evidence in the record to support the Board's decision, and (3) remanded the case to the Board to conduct further proceedings with respect to the question whether Mr. Graner's home occupation permit was still valid. Appellants appealed to this Court, identifying Calvert County as appellee.

## Questions Presented

The questions before us are the same as those before the circuit court. As stated by appellants, they are:

I.  Was the Board of Appeals statutorily prohibited by a change in the law from approving the special exception application at the September 2, 1999 hearing?

II.  Is the approval of the subject special exception contingent on the continued validity of the Home Occupation Permit and its associated 1986 special exception?

III.  Did the applicant meet his burden of proof that his use satisfies the prescribed standards and requirements of the Calvert County Zoning Ordinance for the requested special exception?

## Standard of Review

Upon review of an agency's decision, our role "is essentially to repeat the task for the circuit court ... to be certain that the circuit court did not err in its review." *Red Roof Inns v. People's Counsel for Baltimore County,* 96 Md.App. 219, 224, 624 A.2d 1281 (1993) (quoting *Art Wood Enters. v. Wiseburg Community Ass'n,* 88 Md.App. 723, 728, 596 A.2d 712 (1991)) (in turn quoting *Mortimer v. Howard Research & Dev. Corp.,* 83 Md.App. 432, 442, 575 A.2d 750 (1990)). Thus, our scope of review is narrow. *Eastern Outdoor Adver. Co. v. Mayor & City Council of Baltimore,* 128

Md.App. 494, 515, 739 A.2d 854 (1999), *cert. denied,* 358 Md. 163, 747 A.2d 644 (2000).

■■■ We apply different standards of review to the agency's legal and factual findings. When reviewing an agency's legal conclusions, we "must determine whether the agency interpreted and applied the correct principles of law governing the case and no deference is given to a decision based solely on an error of law; the court may substitute its own judgment." *Richmarr Holly Hills, Inc. v. American PCS, L.P.,* 117 Md.App. 607, 652, 701 A.2d 879 (1997)(quoting *Lee v. Maryland Nat'l Capital Park & Planning Comm'n,* 107 Md. App. 486, 492, 668 A.2d 980 (1995)). An agency's factual findings and its decisions involving mixed questions of law and fact, however, will be given deference such that we cannot substitute our judgment for that of the agency's. *Friends of the Ridge v. Baltimore Gas & Elec. Co.,* 120 Md.App. 444, 465, 707 A.2d 866 (1998), *vacated in part by* 352 Md. 645, 724 A.2d 34 (1999). We will "accept the agency's conclusions if they are based on substantial evidence and if reasoning minds could reach the same conclusion based on the record." *Id.* (quoting *Columbia Rd. Citizens' Ass'n v. Montgomery County,* 98 Md.App. 695, 698, 635 A.2d 30 (1994)). Finally, if there is no "substantial or sufficient evidence to support the factual findings of the Board, the Board's decision will be reversed because it was arbitrary and illegal." *Eastern Outdoor Adver.,* 128 Md.App. at 515, 739 A.2d 854 (citing *Mossburg v. Montgomery County,* 107 Md.App. 1, 30, 666 A.2d 1253 (1995)).

## Discussion

### I.

■■■ Appellants contend that, at the time of the September 2, 1999 hearing, the Board was not legally permitted to approve the special exception because the intervening amendment to the zoning ordinance was applicable and prohibited the use in question. Appellants argue, relying primarily on *O'Donnell v. Bassler,* 289 Md. 501, 425 A.2d 1003 (1981), that

the doctrine of vested rights is not applicable because the special exception that was in place prior to the amendment was invalidated by judicial review. Consequently, appellants argue that, in the eyes of the law, there was no valid special exception until it was reissued on September 2, 1999, after the amendment. We disagree.

## Prospective v. Retroactive

The threshold inquiry, before getting to vested rights, is whether the amendment in question, as a matter of statutory construction, applies to the issuance of the special exception in question. We reviewed the relevant principles in *Holland v. Woodhaven Bldg. & Dev.*, 113 Md.App. 274, 687 A.2d 699 (1996), and we quote from that opinion:

> The rules governing retroactivity that we address in this case are rules of statutory construction.[4] Such rules are easy to state but difficult to apply. A number of Maryland cases can be cited for the general proposition that a statute is presumed to operate prospectively from its effective date absent a clear expression of legislative intent that the statute is to be applied retroactively. *Arundel Corp. v. County Comm'rs of Carroll County*, 323 Md. 504, 510, 594 A.2d 95 (1991); *Mason v. State*, 309 Md. 215, 219, 522 A.2d 1344 (1987); *WSSC v. Riverdale Heights Volunteer Fire Co.*, 308 Md. 556, 560–60, 520 A.2d 1319 (1987) and cases discussed therein. Despite the presumption of prospectivity, a number of other cases support the proposition that when a legislative change in law affects only procedural matters, rather than substantive rights, it applies to all actions, whether accrued, pending, or future, unless a contrary intention is expressed. *Roth v. Dimensions*, 332 Md. 627, 636–38, 632 A.2d 1170 (1993); *Starfish Condo. Assoc. v. Yorkridge Serv. Corp., Inc.*, 295 Md. 693, 705, 458 A.2d 805 (1983); *Winston v. Winston*, 290 Md. 641, 649–50, 431 A.2d 1330 (1981); *Holmes v. Crim. Injuries Comp. Bd.*, 278 Md. 60, 63 n. 2, 359 A.2d 84 (1976); *Richardson v. Richardson*, 217 Md. 316, 320, 142 A.2d 550 (1958).

. . . .

4. For the sake of clarity, we refer to these principles throughout as rules of statutory construction. Nevertheless, the same principles apply to legislative enactments generally, including local ordinances such as the one at issue in this case.

[There is] another line of cases that hold that "an appellate court must apply the law in effect at the time a case is decided, provided that its application does not affect intervening vested rights." *O'Donnell v. Bassler*, 289 Md. 501, 508, 425 A.2d 1003 (1981) (citing *County Council for Prince George's County v. Carl M. Freeman Associates, Inc.*, 281 Md. 70, 76, 376 A.2d 860 (1977); *Rockville Fuel & Feed Co. v. City of Gaithersburg*, 266 Md. 117, 127, 291 A.2d 672 (1972)). *See also Yorkdale v. Powell*, 237 Md. 121, 124, 205 A.2d 269 (1964) (quoting *Woman's Club of Chevy Chase v. State Tax Comm.*, 195 Md. 16, 19, 72 A.2d 742 (1950)). A countervailing principle to that statement is that, absent legislative intent to the contrary, a change in procedural law will not be applied retroactively to undo proceedings that already have concluded prior to the passage of the law. *Luxmanor Citizens Assoc. v. Burkart*, 266 Md. 631, 645, 296 A.2d 403 (1972); *The Wharf v. Department*, 92 Md.App. 659, 675–76, 610 A.2d 314, *cert. denied*, 328 Md. 239, 614 A.2d 84 (1992).

*Id.* at 283–84, 687 A.2d 699.

We further observed in *Holland* that, when the Court of Appeals in *Washington Suburban Sanitary Commission v. Riverdale Heights Volunteer Fire Co.*, 308 Md. 556, 560, 520 A.2d 1319 (1987), overruled a prior decision and announced the general principle that statutes are construed to operate prospectively absent a clear legislative intent to the contrary, it did not restrict the rule to certain types of cases. In *Holland,* the issue was whether the appellants had standing to appeal a zoning decision to a board of zoning appeals. *Holland,* 113 Md.App. at 282, 687 A.2d 699. Appellants in that case, as do the appellants in this case, relied on *O'Donnell v. Bassler,* 289 Md. 501, 425 A.2d 1003 (1981), for the proposition that, in zoning cases, an appellate court must apply the law in effect at the time the case is decided, provided its application does not

affect intervening vested rights. *Holland*, 113 Md.App. at 283, 687 A.2d 699.

We stated in *Holland* that we saw no reason to distinguish zoning cases in that manner. We observed that the Court of Appeals could have limited its holding in *Riverdale Fire Co., supra*, to exclude zoning cases, but it did not do so. In fact, it later applied its holding in a zoning case. *See Arundel Corp. v. County Comm'rs of Carroll County*, 323 Md. 504, 510, 594 A.2d 95 (1991). We concluded in *Holland*:

> [T]he principles that seem to survive *Riverdale Fire Company* are that, absent clear legislative intent to the contrary, (1) a statute ordinarily will be presumed to operate prospectively; (2) a statute that changes procedure only ordinarily will be applied to pending cases; and (3) new procedural law, although applicable to pending cases, will not ordinarily be applied to undo procedures that already have concluded.

*Holland*, 113 Md.App. at 287, 687 A.2d 699.

Applying those principles in *Holland*, we held that the amendment in question did not operate retroactively to confer standing. Because it did not state whether it was to be applied retroactively but merely provided that it was to take effect on a certain date, we held that it was to be applied prospectively only under the general rule announced in *Riverdale Fire Company*. *Holland*, 113 Md.App. at 287–88, 687 A.2d 699.

In the case before us, the amendment provided that it was effective as of December 8, 1998. As was true in *Holland*, it contained no other provision with respect to prospective or retroactive application. Unlike the amendment in *Holland*, however, the amendment before us does by its terms operate retroactively. We cautioned in *Holland* that

> while zoning cases are not exempt from the principles of construction set forth in *Riverdale Fire Company*, changes in zoning laws, such as zoning reclassifications, ordinarily will apply retrospectively *by their very terms*. Such *in rem* changes to the status of property necessarily will raise the question of whether the changes interfere with the property owner's vested rights.

*Holland,* 113 Md.App. at 286–87, 687 A.2d 699 (emphasis in original) (citations omitted). The amendment in this case was tantamount to a change in zoning classification. As of its effective date, the outside storage of construction materials was not a use permitted by special exception, absent vested rights. *Compare Arundel Corp. v. County Comm'rs of Carroll County,* 323 Md. 504, 594 A.2d 95 (1991)(where applications for conditional uses were filed prior to an amendment changing the nature of the documentation required to support the applications, held that under the general rule in *Riverdale Fire Company,* 308 Md. 556, 520 A.2d 1319 (1987), the change had prospective application only and did not apply to the pending applications) *with County Council of Prince George's County v. Collington Corp. Ctr. I,* 358 Md. 296, 747 A.2d 1219 (2000) (a change in an ordinance that prohibited a use was akin to a down-zoning and applied retroactively in accordance with and to the extent expressly provided by the legislative body).

### Vested Rights

■ The formulation of the rule for deciding when rights have vested has varied in verbiage, if not substance. The *O'Donnell* formulation, in a construction context, is that

[g]enerally, in order to obtain a vested right in an existing zoning use that will be protected against a subsequent change in a zoning ordinance prohibiting that use, the owner must initially obtain a valid permit. Additionally, in reliance upon the valid permit, the owner must make a substantial beginning in construction and in committing the land to the permitted use before the change in the zoning ordinance has occurred. *Steuart Petroleum Co. v. Board of County Comm'rs of St. Mary's County,* 276 Md. 435, 442–44, 347 A.2d 854, 859–60 (1975), *County Council for Montgomery County v. District Land Corp.,* 274 Md. 691, 707, 337 A.2d 712, 721 (1975).

*O'Donnell v. Bassler,* 289 Md. 501, 508, 425 A.2d 1003 (1981).

We refer to *O'Donnell's* statement of the rule because of appellants' reliance on a statement in *O'Donnell* that "[t]he

issuance of a permit that is invalidated upon direct judicial review, however, creates no vested rights in an owner." 289 Md. at 508, 425 A.2d 1003. In other cases, it has been stated that vested rights can result only when a "lawful" permit has been obtained and the owner has committed to the use. *See Sterling Homes Corp. v. Anne Arundel County*, 116 Md.App. 206, 218, 695 A.2d 1238 (1997). As a result of the requirement that the permit be valid or lawful, an owner who obtains a permit "begins construction" at the owner's own risk. *O'Donnell*, 289 Md. at 508, 425 A.2d 1003. The specific issues before us are (1) whether the principles applied in construction cases apply to a special exception use such as the one in question and (2) what is meant by lawful or valid with respect to the issuance of a permit or special exception.

The Court of Appeals in *Prince George's County v. Sunrise Development Limited Partnership*, 330 Md. 297, 623 A.2d 1296 (1993), reviewed the law of vested rights. In *Sunrise Development*, the property in question was down-zoned as part of a general rezoning after the developer had obtained certain approvals from the county and after pouring one concrete footing for a corner of a proposed portico. The Court stated that the law of vested rights was formed by the confluence of three streams of cases. *See Sunrise Development*, 330 Md. at 310, 623 A.2d 1296. One line involved priority between a mechanic's lien claim and a mortgagee. *See, e.g., Barry Properties, Inc. v. Fick Bros. Roofing Co.*, 277 Md. 15, 353 A.2d 222 (1976). The second line consisted of cases in which the statute that conferred the right or privilege in issue contained a time limit within which construction must begin. *See, e.g., Pemberton v. Montgomery County*, 275 Md. 363, 340 A.2d 240 (1975). The third stream of cases was described as those involving the issue of vested rights *per se.* The Court explained that a *per se* right is one having a constitutional foundation resting upon the legal theory that when a property owner obtains a lawful permit, commences to build in good faith, or otherwise exercises the right in a substantial and public way, the use is not affected by a subsequent change in zoning regulations. *Sunrise Develop-*

*ment,* 330 Md. at 312, 623 A.2d 1296; *see, e.g., Richmond Corp. v. Bd. of County Comm'rs,* 254 Md. 244, 255 A.2d 398 (1969); *Rockville Fuel & Feed Co. v. Gaithersburg,* 266 Md. 117, 291 A.2d 672 (1972).

The Court of Appeals, after synthesizing the cases, held that "in order for rights to be vested before a change in law, the work done must be recognizable, on inspection of the property by a reasonable member of the public, as the commencement of construction of a building for a use permitted under the then current zoning." *Sunrise Development,* 330 Md. at 314, 623 A.2d 1296. The reclassification involved in *Sunrise Development* was in existence as of its effective date, and thus, had a retroactive effect. The Court of Appeals held, however, that pouring a footing, which was not visible to a reasonable member of the public, did not meet the test for vested rights. *Sunrise Development,* 330 Md. at 314, 623 A.2d 1296.

*Sunrise Development* involved the proposed construction of a building. *Richmond Corporation* involved a use—parking— that did not include construction of a building. In *Richmond Corporation,* the Court of Appeals, for the first time, adopted the concept of vested rights in a zoning context. *Richmond Corp.,* 254 Md. at 255, 255 A.2d 398. The Court stated:

> In Maryland it is established that in order to obtain a "vested right" in the zoning use which will be constitutionally protected against a subsequent change in the zoning ordinance prohibiting or limiting that use, the owner must (1) obtain a permit or occupancy certificate where required by the applicable ordinance and (2) must proceed under that permit or certificate to exercise it on the land involved so that the neighborhood may be advised that land is being devoted to that use.

*Id.* at 255–256, 255 A.2d 398.

In *Town of Sykesville v. West Shore Communications,* 110 Md.App. 300, 677 A.2d 102 (1996), this Court reviewed the law of vested rights. In a construction context, we stated that there are three requirements for vested rights: (1) actual, physical commencement of significant and visible construction;

(2) the commencement must be in good faith; and (3) the commencement must be pursuant to a validly issued building permit. *West Shore,* 110 Md.App. at 305, 677 A.2d 102.

In *West Shore,* the developer had obtained a building permit and zoning approval, and thereafter began construction as soon as possible to predate an expected amendment to the law by the legislative body, which would have arguably invalidated the developer's site plan. One of the questions in the case was what construction had been commenced within the meaning of the vested rights doctrine. *West Shore,* 110 Md.App. at 317, 677 A.2d 102. We distinguished *Sunrise Development* and concluded that there was substantial and visible construction sufficient to meet the vested rights test. *Id.* at 320–21, 677 A.2d 102. Additionally, we held that the oft-stated requirement that the construction be in good faith means that construction be commenced with the intent of finishing the job, observing that proceeding with calculated opportunism would not defeat vested rights. *Id.* at 329, 677 A.2d 102.

An argument in *West Shore* that is of particular significance here, based on the language in *O'Donnell* referenced above, was that a permit invalidated on judicial review does not create a vested right. In *West Shore,* the Circuit Court for Carroll County had affirmed two decisions of the Board of Zoning Appeals with respect to a communications tower. In the first appeal to the Board, the protestants challenged the approval of the site plan by the County Planning Commission.[1] That appeal was heard by the Board on October 26, 1994, and orally denied on that same day. On November 22, 1994, the Board issued its written decision. The developer obtained a building permit and zoning certificate on October 28, 1994. The second appeal to the court was filed by the developer and sought reversal of the County Office of Inspections & Permits which, on October 31, 1994, issued a stop work order and

---

1. The Board had approved the conditional use on February 10, 1994, in an opinion filed on March 31, 1994. The conditional use was subject to site plan approval, which was approved in August, 1994, by the Planning Commission.

revoked the developer's building permit and zoning certificate. The Office of Inspections & Permits did so because the County, on that same day, October 31, 1994, enacted an ordinance, effective immediately, which arguably invalidated the site plan. The Board reversed the County Office of Inspections & Permits on the ground that the developer had acquired vested rights because it had engaged in substantial construction prior to the revocation of the permits. *West Shore*, 110 Md.App. at 312–13, 677 A.2d 102.

The circuit court heard the two appeals simultaneously. The circuit court affirmed the Board's decision in which it had reversed the Office of Inspections & Permits with respect to the revocation of permits because the developer had acquired vested rights. The circuit court did not address the site plan approval issue in the other case.

In *West Shore*, the conditional use authorization was initially valid. There was no stay or injunction entered against use, and the ordinance did not prohibit construction or use pending judicial review. In that case, it appears that the challenge to the site plan was, in effect, a challenge to the approval of the conditional use. Because neither the circuit court nor this Court ruled on the site plan issue, however, the permit was never invalidated.

In the case before us, the Board's decision issuing the special exception was vacated. Thus, even though the result in *West Shore* was the same as the result we reach in this case, its holding is not on point.

The use, originally unlawful, became lawful when the Board approved the special exception. It did not thereafter become "unlawful" because the Board acted within its powers and there was no violation of the zoning ordinance. We see no difference, for purposes of the issue before us, between a use that only comes into existence pursuant to and after issuance of a special exception, on the one hand, and an existing illegal use that becomes legal when a special exception is issued and the use continues in existence. In each case, there was a lawful use in existence prior to the amendment of the zoning

ordinance. When the case was before us on the prior occasion, we did not rule on the sufficiency of the evidence. As we shall explain below, the evidence was legally sufficient to support the Board's decision and its amended opinion that is now before us complies with the standard for appellate review. The special exception was never declared invalid.

■ We return to the standard of review applicable to administrative decisions. A decision of an administrative agency should be upheld only if it can be sustained on the findings and reasons given. *Montgomery County v. Stevens*, 337 Md. 471, 482, 654 A.2d 877 (1995); *Harford County v. Preston*, 322 Md. 493, 505–06, 588 A.2d 772 (1991).

■ If the record fails to reflect such findings or reasons, the appropriate remedy is a remand to the agency with directions to comply with the requirement. *Stevens*, 337 Md. at 481–82, 654 A.2d 877. If the court cannot tell if the administrative agency was right or wrong, or to put it more accurately, whether it committed error because the court cannot discern the basis of the agency's decision to determine if it was proper, the court should remand to the agency for further proceedings. It may do so without vacating the existing decision. *See Department of Health & Mental Hygiene v. Shrieves*, 100 Md.App. 283, 304, 641 A.2d 899 (1994); *Mortimer v. Howard Research & Dev. Corp.*, 83 Md.App. 432, 443, 575 A.2d 750 (1990).

In the case before us, on the first appeal, we held that the record was insufficient for meaningful appellate review. On remand to the circuit court, we could have, and perhaps should have, directed the court to remand the case to the Board without vacating its existing decision. *See Shrieves*, 100 Md. App. at 304, 641 A.2d 899; *Mortimer*, 83 Md.App. at 443, 575 A.2d 750.

In any event, we hold that the special exception was never declared unlawful or invalid within the meaning of the rule of vested rights. The applicant did proceed at his own risk, however, in that had we reversed the Board's action on this

appeal based on an error of law, his rights would not have vested.

## II.

Assuming that the Board did not err in failing to apply the amendment in question, appellants contend (1) that Mr. Graner does not reside on the property, and consequently, (2) the home occupation permit is no longer valid. As a result, neither the 1986 special exception nor the current special exception should have been approved. Appellants explain that, absent an approved home occupation, there was no basis for approval of the uses in question.

The Board, in its first opinion, determined that Mr. Graner's home occupation permit "was no longer in effect once the first special exception was granted in 1986." This Court, in its earlier opinion, stated that the Board made that determination "somewhat gratuitously," implying, if not expressly stating, that the issue was not properly before the Board.

The Board, after remand, struck that finding from its opinion. We now expressly state what was implied in our first opinion, *i.e.*, the home occupation permit issue was not properly before the Board. Consequently, the Board did not err in striking its finding. The result of its amended opinion is that the home occupation permit is still in existence. Because the home occupation issue was not properly before the Board the first time, and the issue is not within the scope of remand, the issue is not now before us. *See Montgomery County v. Stevens*, 337 Md. 471, 482, 654 A.2d 877 (1995)(citing *Public Service Com. v. Patuxent Valley Conservation League*, 300 Md. 200, 217, 477 A.2d 759 (1984)). The circuit court erred in remanding the case to the Board because, since the home occupation permit issue was not properly before the Board, there was no basis for that remand. We express no opinion as to whether the issue may now be raised with the Board or whether it has been waived.

## III.

Appellants contend that the evidence was legally insufficient to sustain the Board's issuance of the special exception. A special exception is subject to the following general requirements: (1) the proposed special exception does not adversely affect the implementation of the comprehensive plan for the physical development of the County; (2) the proposed special exception will not be detrimental to the permissive use and enjoyment of adjacent properties or to the health, safety, or general welfare of the County; (3) the proposed special exception will not create congestion in roads or streets, create fire hazards, tend to overcrowd land or unduly concentrate population, interfere with adequate provisions for schools, parks, water, sewer, transportation, or other public services, or adversely interfere with the surrounding environment. Calvert County Zoning Ordinance, § 3–3.04(E). Additionally, with respect to outdoor storage in connection with commercial and industrial uses, a special exception requires that the material stored not be visible from adjoining properties or the road. § 3.10(J).

Lastly, appellants contend that there was no evidence to support the finding that (1) the materials were not visible from adjoining properties or the road, (2) the use would not interfere with the use and enjoyment of adjacent properties, (3) it would not create congestion on roads or streets, or (4) interfere with adequate provisions for schools and transportation. We again disagree with appellants and find the evidence sufficient.

As stated earlier, we review an agency's factual findings applying the substantial evidence standard. *Eastern Outdoor Adver. Co. v. Mayor and City Council of Baltimore,* 128 Md.App. 494, 515, 739 A.2d 854 (1999). This standard has also been termed the "fairly debatable test." *Id.* We, therefore, evaluate the record to determine if it "contained at least 'a little more than a scintilla of evidence'" to support the agency's finding. *Id.* (quoting *Friends of the Ridge v. Balti-*

*more Gas & Electric Co.,* 120 Md.App. 444, 466, 707 A.2d 866 (1998)).

Appellant's first argument fails because the Board attached a condition requiring that the material not be visible from adjoining properties or the road. Appellant's last three contentions fail because there was sufficient evidence to support the Board's determination. Specifically, the Board heard testimony from two adjacent landowners. Both testified that they had no objections to Mr. Garner's use. The Board also found that Mr. Garner had direct access to his lot from an already existing road, Route 4.

The Board heard the testimony, assessed the witnesses' credibility, and reached its conclusions. We will not disturb its assessment unless it was clearly erroneous or not substantiated by the record. *See Burgess v. 103–29 Ltd. Partn.,* 123 Md.App. 293, 299, 718 A.2d 613, *cert. denied by sub nom 103–29 Ltd. v. Walkersville,* 352 Md. 335, 722 A.2d 63 (1998). Neither occurred.

**JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; COSTS TO BE PAID BY APPELLANTS.**